(76 App. Div. 105.)

### DUPIGNAC v. BERNSTROM et al.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. CORPORATIONS—SERVICES—CONTRACT WITH STOCKHOLDERS—RATIFICATION—VALIDITY.

Where plaintiff agreed with the principal stockholder of defendant company to render services to defendant, and in consideration thereof to receive a certain per cent. of defendant's surplus earnings after the company had been placed on a paying basis and rendered solvent, and such agreement was ratified by defendant's directors, and after the company had become solvent a resolution was passed applying 5 per cent. of the net surplus earnings in payment of plaintiff's services, the contract was valid.

2. SAME—STATUTE OF FRAUDS—PERFORMANCE.

Where it did not appear that an agreement to render services for a corporation could not have been performed within a year, and plaintiff fully performed the contract on his part, the contract was not within the statute of frauds.

3. SAME—STOCK—TRANSFER—INJUNCTION—PARTIES.

Where, in a suit to enforce a contract to pay plaintiff 5 per cent. of the net earnings of a corporation, for services previously rendered, it was alleged that certain stockholders pending the action might transfer their stock to innocent purchasers, who might not be bound by the agreement sued on, and an injunction was asked, restraining such transfer except to purchasers with notice, such stockholders were proper and necessary parties to the action, though no personal claim was made against them.

Appeal from special term, New York county.

Action by Frank J. Dupignac against John Bernstrom and others. From an interlocutory judgment overruling demurrers to the complaint (76 N. Y. Supp. 381), defendants appeal. Affirmed.

The second amended complaint alleges, among other things, that in May, 1893, the plaintiff and the defendant the Aktiebolaget Separator, a Swedish corporation, together owned all the stock of the defendant the De Laval Separator Company, a New Jersey corporation, except 5 per cent. (200 shares) thereof, which by an agreement they had the right to purchase, and which the Aktiebolaget Separator did in fact require prior to performance by the plaintiff of the agreement set forth in the complaint; that at said time, in view of the valuable services previously rendered by the plaintiff, both as a lawyer and in a general business capacity, for the De Laval Company and for the Aktiebolaget Company, as a stockholder thereof, and being desirous of retaining his services in said corporation, the Aktiebolaget Company agreed with him that "if he would take and continue in charge of the affairs in the United States of said De Laval Separator Company, and the Aktiebolaget Separator in its capacity as such stockholder thereof," until the De Laval Separator Company "should be placed on a paying basis, and should be

78 N.Y.S.—45

enabled, through its earnings, to pay its obligations, amounting to about $200,000," the plaintiff should receive "from said De Laval Separator Company," in addition to any fixed compensation, "a substantial interest in the future earnings of said De Laval Separator Company, after the payment of the said obligations, and without regard to any services rendered or required thereafter, and that said De Laval Separator Company should enter into, carry out, and perform said agreement"; that the said Aktiebolaget Company well knew at that time that the performance of the said agreement would interfere materially with the plaintiff's law practice; that, relying on said agreement, the plaintiff entered upon and performed said agreement, with the result that on the 31st day of December, 1894, the obligations of the De Laval Company had been paid off, and it had been placed on a paying basis; that in April, 1895, the plaintiff and the Aktiebolaget Company, then owners of all the stock of the De Laval Company, fixed the interest that the plaintiff was to receive under said agreement at 5 per cent. of all net earnings of the De Laval Company, "such interest to continue permanently," and agreed that the De Laval Company "should take corporate action" in "confirmation of the said agreement" at a stockholders' meeting to be thereafter held; that on or about the 30th day of September, 1896, a meeting of the stockholders of the De Laval Company was duly held, and a resolution in writing was duly passed and spread on the minutes by the vote "of the holders and owners of all the stock," requiring the board of directors to estimate the amount of "surplus cash on hand or the net earnings over and above current and reasonable future requirements" each year, and declare cash dividends, but that 5 per cent. of such surplus or net earnings should be paid to the plaintiff in addition to dividends on his own stock; that up to the commencement of this action "said agreement had been in all respects duly lived up to and performed," and that for several years past the De Laval Company has earned large amounts of money and distributed large sums in dividends, and has paid to the plaintiff "his five per cent. thereof to which he has been entitled as aforesaid"; that the Aktiebolaget Company is the owner of all the stock of the De Laval Company not owned by the plaintiff, but that the other appellants are the nominal and record owners of sufficient stock to qualify them as directors of the De Laval Company, and that they are, or claim to be, such directors; that the stockholders and directors of the De Laval Company threaten and intend to rescind the said resolution, and to deprive the plaintiff of all future rights in and under said contract, and to distribute the entire net earnings of the company among the stockholders of record according to their respective shares; that the business of the company is prosperous, and the returns should be large, but that its tangible assets have a money value, if sold on execution, not exceeding $50,000; and that a remedy by action at law would be inadequate, because the company is a foreign corporation, an annual accounting would be necessary, a multiplicity of expensive and vexatious suits would result, and the stock might be transferred to innocent purchasers for value. The plaintiff's prayer for relief is for a judgment establishing his contract as valid and binding upon the De Laval Company and all its stockholders, terminable only upon his death, and directing payment to him by the De Laval Company, its directors and officers, of 5 per cent. of the net earnings or surplus cash that may be from time to time set apart or applicable to the payment of dividends, in addition to his dividends as a stockholder; enjoining the defendants, who were stockholders of the De Laval Company, from selling, assigning, or transferring any of their stock, "except with notice of and subject to the rights of the plaintiff," and restraining the De Laval Company from transferring upon the books of the company any certificates of stock, or issuing new stock, "except with notice of and subject to such rights of the plaintiff"; and enjoining the defendants from taking any action, jointly or severally, which will in any manner interfere with or alter the rights of the plaintiff under said agreement; and for such further relief as the facts warrant. The De Laval Company and John Bernstrom, individually and as managing director of the Aktiebolaget Company, separately demur to the second amended complaint upon the ground that it does not state facts sufficient to constitute a cause

of action against them, and the other defendants join in a separate demurrer upon the same ground.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

.L. Laflin Kellogg, for appellants.
Charles E. Rushmore, for respondent.

LAUGHLIN, J.   The appellants all contend that their demurrers should be sustained upon the grounds (1) that there was no consideration between the   plaintiff and the De Laval Company; (2) that the stockholders of the De Laval Company could not bind it by the contract; and (3) that the contract is void under the statute of frauds.   The appellants other than the De Laval Company also urge that at all events they are not proper or necessary parties, and that no cause of action is alleged against any of them. While it is alleged that the contract originally was with the Aktiebolaget Company, it is manifest that it was not intended to allege it as a contract with that company as a business corporation, but in its capacity as a stockholder of the De Laval Company.   It should be borne in mind that, with the exception of the small percentage of the stock of the De Laval Company which the plaintiff owned, and that which he had an option to purchase, with a similar option over to the Aktiebolaget Company, which was exercised, the latter company owned all the stock of the De Laval Company.   It thus appears that the contract was made between two parties who owned or controlled all the stock of this corporation.   The agreement was for the benefit of the Aktiebolaget Company in its capacity as such stockholder.   Doubtless, it was not competent for the stockholders of the De Laval Company to agree that the management and control of its affairs should be vested in one of their number to the exclusion of the board of directors, nor is such the fair purport of the agreement as alleged in the complaint.   The services which the plaintiff was to render the De Laval Company, as attorney or otherwise, were presumably to be rendered with the consent of, and in co-operation with, the board of directors.   It is alleged that the services were in fact rendered, and that from them great financial benefit accrued to the company.   Therefore the services must. have been accepted by the company.   The plaintiff may have advised and assisted the board of directors, and the latter may have had such confidence in his judgment that they acted on his recommendations, or they may have legally devolved on him the business management of the corporation, such as might be delegated. The contract was also for the benefit of the De Laval Company, and through the efforts of the plaintiff that company was extricated from its apparently hopeless condition of insolvency.   It was not, therefore, a stranger to the contract; and, in accepting the contract, it did not undertake to answer for the debt or default of the other company.   All that the plaintiff agreed with the Aktiebolaget Company, as a stockholder of the De Laval Company, to do, he

has fully performed, presumably with the acquiescence and approval of the directors of the De Laval Company, for without their consent and approval his services could have been of no benefit to the company. Although it is not so specifically alleged, this is the natural and reasonable inference from the allegations contained in the complaint; and the fact might, we think, be proved thereunder.

After the rendition of the services, by unanimous vote of all the stockholders of the De Laval Company, the agreement under which the plaintiff performed the services, which was somewhat indefinite in so far as it related to "a substantial interest in all the future earnings" of the company, was made clear and definite by the resolution in effect declaring that the "substantial interest" should be "five per cent. of the surplus cash or net earnings" available for the payment of dividends. The appellants also claim that it was not competent for the stockholders, even by a unanimous vote, to bind the corporation to the payment of these dividends. Even if that be so, the board of directors, by acting on the resolution, and paying 5 per cent. of the net profits to the plaintiff annually for several years in accordance therewith, ratified and adopted the action of the stockholders. It is therefore unnecessary to decide whether either the stockholders or the board of directors, without the consent or approval of the other, could make the contract or authorize such payment. It is not apparent, however, that the corporation, as such, has any interest in these surplus earnings, nor would it seem that its creditors or the public are interested therein. The contract only purports to deal with legitimate dividends. Upon dividends being declared, instead of their being distributed to the stockholders in proportion to their holdings, the stockholders who alone are entitled thereto have agreed that the board of directors shall first deduct 5 per cent. for the plaintiff on account of these services, which they recognize as having placed the corporation on a dividend paying basis.

The statute of frauds has no application. The contract has been fully performed by the plaintiff, and, while it was not performed within one year, it does not necessarily follow that it could not have been performed within that time. Nothing remains to be done under the contract now but to make the payments of the 5 per cent. of the net income going to the stockholders, which they have authorized the directors to turn over to the plaintiff. The resolution of the stockholders was merely authority to the directors to fulfill a contract made by the stockholders with reference to the payment of dividends that might be thereafter declared in their favor. In effect, it was an assignment pro tanto of their right to dividends. The contract was no longer executory at the time the stockholders passed the resolution, and, even if it had been within the statute originally, the statute ceased to apply upon performance by the plaintiff, and the adoption of the resolution by the stockholders, which, in thus authorizing payments to the plaintiff for all future time covered by the contract, constituted a performance on their part.

No personal claim is made against the Aktiebolaget Company or the individual defendants, but a decree is sought which will affect them as stockholders of the De Laval Company, and may limit and restrict their rights with reference to the sale and transfer of their stock to prevent its passing into the hands of an innocent purchaser, who might not be bound by the agreement. They are therefore not only proper, but necessary, parties.

It follows that the interlocutory judgment should be affirmed, with costs, with leave to defendants to withdraw demurrers and answer upon payment of costs in this court and in the court below. All concur.