## DUPIGNAC v. BERNSTROM et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. CORPORATION—CLAIM—DIVIDENDS—INJUNCTION.

Where a plaintiff, in an action against a corporation whose stockholders, with the exception of plaintiff, were nonresidents, had, by his complaint and affidavit in support thereof, made out a prima facie case entitling him to 5 per cent. of the dividends of the corporation, he was properly granted a temporary injunction restraining the corporation from paying its stockholders more than 95 per cent. of the earnings and surplus set aside for dividends, and requiring it to deposit the remaining 5 per cent. with a trust company to await the determination of the suit.

2. SAME—INJUNCTION—TRANSFER OF STOCK.

Though a plaintiff, who had by his pleadings made out a prima facie case entitling him to 5 per cent. of the dividends of a corporation whose stockholders, with the exception of plaintiff, were nonresidents, was entitled to a temporary injunction restraining a payment of more than 95 per cent. of the dividends, it was improper to include in the order a requirement that notice of his claim be indorsed on all certificates of stock issued thereafter and on all assignments of shares.

Appeal from Special Term, New York County.

Action by Frank J. Dupignac against John Bernstrom and others. From an order granting a temporary injunction, defendants appeal. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellants.

Charles E. Rushmore, for respondent.

LAUGHLIN, J.   The injunction order was granted on the complaint and affidavits.   The facts, so far as material, are stated in our opinion sustaining the sufficiency of the complaint on an appeal from the interlocutory judgment on the decision of a demurrer thereto. Dupignac v. Bernstrom et al., 76 App. Div. 111, 78 N. Y. Supp. 705. The injunction order restrains the De Laval Separator Company from paying to its stockholders more than 95 per cent. of its surplus or net earnings set aside for the payment of dividends, and requires it to deposit the remaining 5 per cent. thereof with the Union Trust Company to await the determination of this action.   By his affidavit setting forth the facts alleged in the complaint, the plaintiff, under our former decision, establishes prima facie that he is entitled to 5 per cent. of the dividends of this corporation.   The stockholders, except the plaintiff, are nonresidents.   The order, therefore, in so far as it enjoins the payment of the dividends to them and requires the deposit thereof with the trust company, was properly granted.

The order, however, further enjoins the transfer of any shares of stock of the De Laval Separator Company, pending the determination of this action, unless a notice of plaintiff's claim, and a statement that the transfer is subject thereto, be indorsed upon the assignment, and enjoins any further issue of certificate of stock in said company without a similar indorsement thereon, or attached thereto, that it is issued and accepted with notice of and subject to the claim of the plain-

tiff. It is manifest that such an indorsement upon the certificates of stock or assignments thereof would materially interfere with the rights of the stockholders to sell and assign their stock. The necessity for this relief by final judgment in the action, in order to fully protect the plaintiff's rights, is by no means clear, and it should not be awarded until the issues are tried and plaintiff's rights are established, and it is shown to be essential to a protection of those rights.

It follows, therefore, that the order should be modified by striking out these provisions, and, as modified, affirmed, without costs. All concur.