(100 App. Div. 453)

PITTSBURGH AMUSEMENT CO. v. FERGUSON.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. LANDLORD AND TENANT—CONTRACT FOR LEASE—APPROVAL OF ATTORNEYS—CONSTRUCTION OF CONTRACT.

Where defendant contracted to lease premises to plaintiff by a lease to be approved by the parties' attorneys when executed, an approval simultaneously with the drawing of the lease, but before it was executed by the parties, was a compliance with the contract.

2. SAME—CONSTRUCTION OF CONTRACT—ARBITRARY REFUSAL TO APPROVE.

Where a contract for a lease required the lease, when drawn, to be approved by the parties' attorneys, the attorneys could not arbitrarily refuse to approve, but the refusal must be based on some reasonable ground.

3. SAME—REFUSAL TO EXECUTE LEASE—NECESSITY OF TENDER.

Where defendant contracted to lease plaintiff premises by lease to be approved by attorneys of the parties, the lease having been drawn and approved by the attorneys, and defendant having repudiated the contract, no formal tender of the lease by plaintiff was necessary in order to entitle plaintiff to maintain a suit for specific performance.

4. CONTRACTS—ASSIGNMENT—RIGHT OF ASSIGNEE TO SUE FOR REFORMATION.

Where defendant and another contracted in writing that defendant should lease premises to a corporation to be formed by the other, he having assigned his rights to the corporation, it might sue for a reformation of the contract.

5. CONTRACTS—REFUSAL TO PERFORM—GROUND OF REFUSAL—ESTOPPEL.

Where defendant and another contracted that defendant should lease certain premises to a corporation to be formed by the other, and, on a demand by the corporation for the lease, defendant did not claim that he was entitled to the obligation of the other person, but merely repudiated all liability under the contract, he was not in a position to make such claim in a subsequent suit by the corporation for specific performance.

Appeal from Special Term, New York County.

Action by the Pittsburgh Amusement Company against Walter Ferguson. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

James A. Douglas, for appellant.

James E. Carpenter, for respondent.

INGRAHAM, J.   The complaint alleges the execution of an agreement between the defendant, Ferguson, "and L. M. Eirick of Buffalo, N. Y., as president of a corporation to be formed hereafter, party of the second part," by which the party of the first part agreed to "let unto the said party of the second part for a term of ninety-nine (99) years, from the 1st day of April, 1901," at a certain annual rent specified, certain real property described in the contract. The party of the second part agreed to pay the rent provided for semiannually on the 1st day of April and September of each year, in advance, during the term of the lease. The property was described as being situated "on Sixth Avenue, in the Third Ward, in the City of Pittsburgh, Pa., fronting eighty (80) feet on Sixth Avenue by two hundred and forty (240) feet deep to Strawberry Alley." The party of the second part agreed to erect on said property a theater building at an early date. The agreement gave to "the second party" an option to purchase this property for the sum of $320,000; this option to be accepted at any time during the first 10 years of the lease. The agreement further provided that "this agreement is made to insure the execution of the lease, which when executed shall be subject to the approval of the attorneys to the parties of this agreement." This agreement was executed under the seal of the respective parties, a copy thereof being annexed to the complaint. The complaint further alleges that within the period of time contemplated by the parties to said agreement, and before the expiration of the time therein mentioned, viz., April 1, 1901, the said Eirick organized the corporation contemplated by and mentioned in said agreement, viz., the Pittsburgh Amusement Company, the plaintiff, under the laws of the state of Ohio; that thereupon the said corporation, by its board of directors, duly ratified, confirmed, and accepted the said contract made between the defendant and the said Eirick, and adopted the same, and duly authorized the execution of the lease therein mentioned, of all of which the defendant had notice, and the plaintiff at the same time, for a valuable consideration, received an assignment from the said Eirick of the said contract, and all his right, title, and interest therein, and to the lease mentioned, and thereupon became, and has since continued to be, and still is, the owner thereof; that prior to the 24th day of September, 1900, the defendant and the said Eirick met in the city of Pittsburgh, Pa., and agreed upon the terms of the lease to be executed pursuant to said agreement, and that on or about the 24th day of September, 1900, the said lease was drawn and approved by the attorneys of the parties to said agreement, a copy of which lease, so approved, is annexed to the complaint; that it was the intention of

the said Eirick and the defendant that the said lease should be drawn subject to the approval of the attorneys for the parties thereto before the said lease should be executed, and which approval was not to be after the said lease should be executed, but before the execution thereof; that all of the covenants and conditions of the said contract on the part of the said Eirick and the plaintiff have been fully performed; that prior to the 1st day of April, 1901, and on said day, due offer was made to said defendant to execute the said lease mentioned in and provided for by the said contract, a copy of which is annexed to the complaint, and due demand was made of the defendant to perform said contract, and to execute the lease therein mentioned and provided for, but the defendant refused and still refuses to perform said contract and execute said lease, thereby causing the plaintiff damage in the sum of $50,000. The judgment demanded is that the agreement be reformed by striking out of the last paragraph of the agreement the words "when executed," and inserting in the place thereof the words "before execution thereof"; that the defendant be required to execute and deliver to the plaintiff the lease mentioned in the contract; that the plaintiff recover its damages; and other and further relief.

The answer appears to admit the making of the contract, and denies the other allegations of the complaint, and, as a separate defense, alleges various statutes of the state of Pennsylvania, where the leased property was situated, and where the contract was to be carried out. It is not, however, alleged that the contract was void under any of the provisions of the laws of the state of Pennsylvania set out in the answer. On the trial the court directed judgment dismissing the complaint upon the ground that the last clause of the agreement, which provides that " 'this agreement is made to insure the execution of the lease, which when executed shall be subject to the approval of the attorneys to the parties of this agreement,' was not inserted through a mistake of the parties, or either of them, but was a valid and binding provision of the said agreement, upon the said Eirick and upon the defendant." The court found that subsequent to the making of said agreement a lease was prepared for execution between the parties, a copy of which lease is annexed to the complaint, and that neither said Eirick nor the defendant ever executed the said lease, nor was the same ever approved by the attorneys or the parties to said lease, or either of them, when executed, nor was said lease submitted by either of said parties to said attorneys for such approval after execution. Judgment was thereupon entered dismissing the complaint, from which judgment the plaintiff appeals.

Upon the trial the plaintiff proved the execution of the agreement, and the incorporation of the plaintiff, and the assignment by Eirick to the plaintiff corporation; that the lease, a copy of which is annexed to the complaint, was drawn in Pittsburgh, Pa., about September 20, 1900; that there were present at that time the attorneys for the respective parties to the contract; that the lease was read by a Mr. McCook, and that some few alterations were made; that the lease, as finally corrected, was approved by the attorneys, and Mr. McCook, who represented the defendant, said, "Now, go home and form your company," and instructed him, when the company was formed, to come down and sign the lease; that this lease annexed to the amended complaint was the

lease which was finally passed upon and corrected, and as it was finally drawn there on that day and agreed upon; and that the plaintiff was ready and willing to execute the lease provided for by the contract, and was still ready and willing to execute it. There was further evidence of the vice president and treasurer of the company that, after the agreement as to the form of the lease, he had an interview with the defendant in New York about March 8, 1901; that he said to the defendant that he was the representative of the plaintiff, and came there for the purpose of executing a lease, which he was authorized to do by the president, who was unable to be present; that the defendant said: "I have no lease. All negotiations are off;" to which the witness replied, "Well, I should like to have some explanation;" when the defendant said, "There is no explanation to make. All negotiations are off;" the witness got up out of his chair and walked away. This witness further testified that, at the interview in Pittsburgh, Mr. McCook, who was the defendant's attorney, and the attorney for Eirick agreed to the form of the lease which was annexed to the complaint; and the attorney for Eirick also testified as to this interview, and that the form of the lease was assented to by the attorneys for both parties. There was further evidence by the gentleman who acted as attorney for the plaintiff that on the 1st of April he had an interview with the defendant, and on behalf of the plaintiff made an offer to execute the lease, when the defendant said, "We have had talk enough about this, and I have no lease to make nor property to sell in Pittsburgh."

I do not think the construction placed upon this agreement can be sustained. The agreement was an executory contract by which the defendant agreed to lease to Eirick the property described in the agreement. It does not purport to be a lease, but a contract for a lease which was to be subsequently executed. The provision in the agreement as to the approval of the lease by the attorneys of the parties thereto clearly contemplated that it should be subject to the approval of the attorneys; but such an approval was to be at the time of execution, and not subsequent to the execution. What was required was that contemporaneously with the execution of the lease there should be the approval of the attorneys for the respective parties, and, the lease having been duly approved by the attorneys for the respective parties, such an approval existed when the plaintiff demanded that the defendant should execute it, and when he repudiated his agreement. It may be observed in passing that the attorneys had no absolute right to refuse to approve, but that such refusal could only be effective if based upon some reasonable ground. We are not bound to give to such an agreement an unnatural construction, which would make it absurd. We are to ascertain so far as possible the intention of the parties, and carry that intention into effect; and when the contract provides that the agreement is made to insure the execution of a lease which, when executed, shall be subject to the approval of the attorneys for the parties who are to execute it, the intention quite clearly expressed is that it was to be approved by the attorneys for the respective parties before either could require the other to execute it. This lease, when ready for execution, had been approved by the attorneys for the parties. The lease as approved was in accordance with the contract, and I think, upon this

evidence, that the defendant was bound to execute it. The defendant having repudiated his obligation under the contract, a formal tender of the lease was unnecessary, and I can see no reason why the plaintiff was not entitled to maintain an action for a specific performance of the contract without reformation. Nor is there anything in the point that the plaintiff, as assignee of Eirick, could not reform the contract. The form of the lease indicates that it was the intention of the parties that a corporation should be formed, of which Eirick was to be president, and that the contract should be for the benefit of the corporation, and this corporation was duly formed. Eirick was its president. He assigned his rights to the corporation, which accepted the contract as made for its benefit, and the corporation was ready to execute the lease. But assuming that the defendant was entitled to have the obligation of Eirick, he took no such objection when asked to comply with his contract. He simply repudiated all liability under the contract, and the obligation assumed by him thereunder. When the application was made to the defendant, on behalf of Eirick and the company, to execute the lease, if defendant wished to have the obligation of Eirick he should have taken that objection; and any right that the defendant has in this respect can be protected by the judgment decreeing a specific performance of the agreement.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.