SHEA v. KEENEY.

(Supreme Court, Appellate Division, First Department. March 20, 1913.)

1. FRAUDS, STATUTE OF (§ 152*)—PLEADING—NECESSITY.

A defense that the contract sued on is void under the statute of frauds, because not in writing, must be pleaded in order to be available; there being no presumption that the contract rests in parol.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 363–366, 371, 372; Dec. Dig. § 152;* Specific Performance, Cent. Dig. 119.]

2. SPECIFIC PERFORMANCE (§ 64*)—CONTRACT TO LEASE.

A court of equity may enforce specific performance of an executory contract to lease premises.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 191–195, 198; Dec. Dig. § 64.*]

3. SPECIFIC PERFORMANCE (§ 117*)—PLEADING—PROOF.

In an action to enforce specific performance of a contract to lease, an allegation that the plaintiff has no adequate remedy at law is sufficient to admit proof of the necessity for relief in equity.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 377–381; Dec. Dig. § 117.*]

Appeal from Special Term, New York County.

Action by Joseph E. Shea against Frank A. Keeney. From an order denying plaintiff's motion for judgment on the pleadings, he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George Edwin Joseph, of New York City, for appellant.
Rollin W. Meeker, of Binghamton, for respondent.

LAUGHLIN, J. This is a suit in equity for the specific performance of an agreement to lease certain premises upon which a theater had been erected in the borough of Manhattan, New York, for the period of six years from the 1st day of September, 1912.

The complaint does not show whether or not the agreement was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in writing. It is alleged that "the defendant agreed to lease to the plaintiff, and the plaintiff agreed to hire from the defendant," the theater for the period specified at an annual rental of $15,000, payable in 40 weekly installments commencing on the 1st day of September, 1912, and that plaintiff was to deposit with the defendant the sum of $1,500 as security, which sum was to be applied in payment of the last rental for the term; that plaintiff duly performed all of the terms and conditions of the agreement on his part to be performed, excepting in so far as he was prevented from so doing by the defendant, and duly tendered the amount he was required to deposit as security, and duly offered to enter into the lease, and was at all times ready, able, and willing to perform the agreement on his part, but that the defendant has failed and refused to perform on his part, and has failed and refused to carry out the agreement or to make the lease; and that plaintiff has no adequate remedy at law:

The defendant demurred, on the ground that the complaint fails to state facts sufficient to constitute a cause of action. It appears by the record that the motion was denied upon the ground that the plaintiff alleges a "voluntary executory agreement to lease," and that equity will not enforce such an agreement. It is contended, in effect, in behalf of the respondent, that the agreement rests in parol and is without consideration, and that therefore, it is unenforceable; and also that plaintiff has an adequate remedy at law.

[1-3] We are of opinion that these contentions are untenable. The agreement upon which the action is based could not be performed within one year, and it would therefore be void, if not in writing; but the statute of frauds is a defense to be pleaded and proved, and it is not to be presumed, since it is not so alleged, that the agreement rests in parol. Stern v. Drinker, 2 E. D. Smith, 401; Livingston v. Smith, 14 How. Prac. 490; Cozine v. Graham, 2 Paige, 177; Marston v. Sweet et al., 66 N. Y. 206, 23 Am. Rep. 43; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531; Dupignac v. Bernstrom, 37 Misc. Rep. 677, 76 N. Y. Supp. 381, affirmed 76 App. Div. 105, 78 N. Y. Supp. 705. It is within the jurisdiction of a court of equity to enforce specific performance of an executory contract to lease premises. Pittsburg Amusement Co. v. Ferguson, 100 App. Div. 453, 91 N. Y. Supp. 666; Steiner v. Hellman, 7 App. Div. 248, 40 N. Y. Supp. 36; Covert v. Brinkerhoff, 41 Misc. Rep. 230, 84 N. Y. Supp. 4. The allegation that the plaintiff has no adequate remedy at law is the customary allegation in such cases, and is sufficient to admit of proof upon the trial to show the necessity for relief at the hands of a court of equity.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, but with leave to defendant to withdraw the demurrer and answer on payment of the costs of the appeal and of the demurrer. All concur.