### BUTLER v. LINCOLN HOSPITAL AND HOME.

(Supreme Court, Special Term, New York County. October 26, 1915.)

1. PLEADING ⬥350—MOTIONS—HEARING—JUDGMENT ON PLEADINGS—BILL OF PARTICULARS.

On a motion for judgment on the pleadings, made by defendant, plaintiff's bill of particulars may be considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ⬥350.]

2. CHARITIES ⬥45—ADMINISTRATION—LIABILITY FOR TORTS.

A charitable organization is not liable for the tortious acts of its physicians and servants in charging a patient with being insane and having him placed in an asylum.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 80, 81, 102–104; Dec. Dig. ⬥45.]

Action by Joshua Butler against the Lincoln Hospital and Home. On motion in favor of defendant for judgment on the pleadings. Granted.

McDowell & Kennedy, of New York City, for plaintiff.
Winthrop & Stimson, of New York City, for defendant.

NEWBURGER, J.  [1, 2]  The complaint alleges that the defendant maintained a hospital, and that the plaintiff on the 14th day of December, 1909, was in said hospital, and that he was sent by the defendant to Bellevue Hospital as an insane person, and subsequently to Ward's Island, and thereafter to the insane asylum at Middletown, N. Y., where he was confined against his will until October, 1912; that the act of the defendant was malicious. The answer alleges the incorporation and existence of the defendant for charitable purposes, and admits the transfer of the plaintiff to Bellevue Hospital, and denies that plaintiff was transferred as an insane person, or that the act of the defendant was malicious, but that said transfer was made in the customary manner and on the recommendation of the physician in charge.

The bill of particulars served by the plaintiff charges that Dr. Cooley and the superintendent of the defendant hospital made the charge of insanity against the plaintiff. The objection by plaintiff that the bill of particulars cannot be considered on a motion for judgment on the pleadings is untenable. See Dineen v. May, 149 App. Div. 469, 134 N. Y. Supp. 7. It appears from the pleadings that the defendant is a charitable organization, and is not liable for the tortious acts of its physicians and servants. Schloendorff v. Soc'y of N. Y. Hospital, 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915C, 581.

The motion for judgment must be granted. Settle order on notice.