EVERETT M. DALY, Plaintiff, *v.* PAULINA SOBIESKI and STANISLAW SOBIESKI, Defendants.

Supreme Court, New York Special Term, May, 1924.

Equity — specific performance — complaint insufficient for failure to allege no adequate remedy at law — motion by defendant for judgment on pleadings under Rules of Civil Practice, rule 112, granted.

In an action in equity for the specific performance of an alleged oral agreement to lease property a complaint which fails to allege that the plaintiff has no adequate remedy at law is insufficient and the defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice should be granted.

MOTION by defendants for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.

*Thomas O'Rourke Gallagher*, for the plaintiff.

*Max Kantrovitz* (*Joseph L. Greenberg*, of counsel), for the defendants.

LEVY, J. Defendants move for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The complaint sounds in equity and seeks specific performance of an alleged oral agreement to lease for a period of two years, with an option for a renewal for two more years. The answer pleads a general denial and sets up the defense of the Statute of Frauds urging that the complaint and the bill of particulars which upon a motion of this nature may be considered together (*Butler* v. *Lincoln Hospital & Home*, 155 N. Y. Supp. 1001), indicate that the contract to lease was for more than a year and not in writing. Plaintiff contends that this defense is not available to defendants because of the improvements made to the property by him on the strength of the defendants' alleged agreement to lease the same. It is unnecessary, however,

to consider either plaintiff's view or the defense which has been interposed, as a careful reading of the complaint discloses that plaintiff has failed to allege that he has no adequate remedy at law. This is fatal to the sufficiency of the complaint in an action in equity. *Chadbourne & O'Connell* v. *Ritz-Carlton Restaurant & Hotel Co., Inc.,* N. Y. L. J. March 26, 1924; *Shea* v. *Keeney,* 155 App. Div. 628; *Robinson* v. *Whitaker, Nos. 1–4,* 205 id. 286, 291.

" Nowhere in the complaint does he allege the facts from which it could be inferred that he has no adequate remedy at law, nor that exact language. * * * Without such a showing equity would not, under the decisions we have quoted, exercise its discretion to award specific performance of the agreement set out in the complaint, and without such averments, the pleading cannot be said to state a cause of action in equity for specific performance." *Bateman* v. *Straus,* 86 App. Div. 540, 544.

The motion is, therefore, granted on the ground that plaintiff has failed to plead as indicated above, with leave to amend within twenty days after service of a copy of the order to be entered hereon, with notice of entry, and upon payment of ten dollars costs.

Ordered accordingly.