HENRY C. BREEDEN and Others, as Trustees of that Certain Trust Known and Designated as "INTERCOAST OIL SYNDICATE," Respondents, *v.* GEORGE A. HOPKINS, Appellant.

First Department, October 31, 1924.

Equity — action for specific performance of contract requiring defendant to drill oil well on land held by plaintiffs under lease — land is located in State of Wyoming — contract required defendant to perform work in future development and operation of property — contract cannot be specifically enforced — court will not specifically enforce contract between parties hereto, and third person, not signed by third person, requiring assignment of interest in leases obtained by defendant or third person.

Specific performance will not be decreed of a contract between the parties hereto in which it was agreed that the defendant, at his own cost and expense of labor and superintendence, would drill a test oil well on certain land located in the State of Wyoming and held by the plaintiffs under lease, and would perform certain acts, personally, in connection with future development and operation of the property.

Furthermore, the location of the land in Wyoming is a valid reason for the refusal of the court to decree specific performance.

Specific performance will not be decreed of a contract made by the parties to this action and a third person, which was not signed by the third person, which provides that the defendant herein and the third person will assign to the plaintiffs one-half interest in any leases that the defendant and the third person may secure of land adjacent to that under lease by the plaintiffs, for to do so would be to make a new agreement for the parties.

APPEAL by the defendant, George A. Hopkins, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of February, 1924, denying its motion made under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Hays, St. John & Buckley* [*John Schulman* of counsel], for the appellant.

*Rearick, Dorr, Travis & Marshall* [*Ulysses S. Grant* of counsel; *O. A. Stumpe* with him on the brief], for the respondents.

FINCH, J.:

The complaint consists of two causes of action, each based on a separate agreement, the specific performance of which is demanded.

In the first cause of action it is alleged that the plaintiffs, as trustees, owned certain oil and gas leases, but were without sufficient financial means to ascertain by drilling whether the lands contained oil; that they entered into an agreement with the defendant to assign to him a one-half interest in their leases and deposit the assignment in escrow, provided the defendant would proceed to drill a test well upon said lands at his cost and expense of labor and superintendence, and if the well should produce oil in paying quantities, the defendant would become entitled to receive said assignments. It is further alleged that the defendant has refused to proceed to perform as required by the contract, that plaintiffs are unable to finance the drilling of a well themselves or obtain any one else to do so, and are, therefore, unable to ascertain whether their leases are of any value. Meanwhile they are required to continue paying rent under the same. For these reasons the plaintiffs allege inadequacy of a remedy at law, and claim to be entitled to the equitable relief of having a receiver appointed of sufficient of the property of defendant, including a certain trust fund of which he is beneficiary, to pay the cost of drilling a test well.

It is clear that the contract relied on is not of a character that a court of equity will specifically enforce. While the defendant is not required to do the drilling personally, he is to " furnish  *  *  * all labor and superintendence required," and in fact is referred to as the " driller." He is also required by the contract to perform certain acts personally in connection with the future development and operation of the property. As was held in *Berliner Gramophone Co.* v. *Seaman* (110 Fed. Rep. 30): "A court of equity will decree specific performance of a contract only when it can dispose of the

matter by an order capable of being enforced at once. Where the contract is one establishing business relations between the parties, containing mutual covenants to be performed by each, and having several years to run, the court will not undertake to supervise its performance by enjoining its violation by one party at the instance of the other."

It moreover appears that the drilling is required to be done in the State of Wyoming and in accordance with its laws, as are the other acts to be performed under the agreement. In the case of *Cuban Production Co.* v. *Rodriguez* (124 App. Div. 363), where an action was brought to compel specific performance of a contract for the sale of lands located in Cuba and which involved the defendant securing an official survey of the premises, Mr. Justice LAUGHLIN said: "The court should not make a decree where it is not clear that it may be carried into effect. The court cannot supervise this survey. * * * As this court cannot control the proceedings it should not command the defendant to institute and control it."

Thus is presented a valid objection causing a court of equity on practical grounds to decline to specifically enforce.

Taking up the second cause of action, the complaint shows that in consideration of the making of the contract above referred to and of the covenants of the plaintiffs therein contained, the defendant and one Wright agreed to execute a separate agreement obligating themselves to transfer to the plaintiffs a one-half interest in certain leases when, as and if received by them; that said agreement was reduced to writing and executed by the plaintiffs and the defendant, but that Wright left before it was signed by him, and the defendant took the original of the agreement and promised to secure the signature of Wright and to return the same duly executed by the defendant and the said Wright, but has not secured Wright's signature; that Wright has not obtained any leases, but that defendant has, and has refused to deliver in escrow an assignment of such leases to plaintiffs, which leases may be of great value in the event oil be found on plaintiffs' adjacent lands, wherefore it is prayed that defendant be required specifically to perform the supplemental agreement and to assign and deliver the leases.

In the first place, this court is asked to enforce an alleged agreement between the plaintiffs and the defendant, whereas the agreement was entered into by the plaintiffs, the defendant and Wright, the latter not being made a party to the action. The agreement was tripartite, containing mutual covenants on behalf of each party. If the court confined the agreement to plaintiffs and defendant it would in effect be making a new agreement between them.

It further is to be noted that the contract set forth in the second

cause of action also calls for developing and operating the property in accordance with the provisions of the contract set forth in the first cause of action. The same reasons, therefore, that prevent the enforcement of the first contract also are a bar to the enforcement of the second.

While not necessary to the decision, it further is to be noted that the second cause of action fails to allege due performance on the part of plaintiffs.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint upon payment of said costs.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiffs to serve an amended complaint within twenty days from service of order upon payment of said costs.