AMERICAN LABOR PARTY, BRONX COUNTY, Plaintiff, *v.* HOTEL CONCOURSE PLAZA, Defendant.

Supreme Court, Special Term, Bronx County, December 20, 1950.

*Julian C. Trupin* for plaintiff.

*Myles B. Amend* for defendant.

DICKSTEIN, J.   A temporary injunction is sought by plaintiff which would afford to it the relief sought by the action.   The parties engaged in a contract dated November 6, 1950, reserving to plaintiff the use of defendant's grand ballroom for a meeting to be held from 2:00 to 5:00 P.M. on December 10, 1950.   The number of persons expected was stated to be 750.   That contract was cancelled and another made, dated December 6, 1950,

reserving the use of the grand ballroom for 8:00 P.M. on December 20, 1950, for a meeting and entertainment, and the number of persons expected was stated to be 1,000. The latter contract was cancelled by defendant, and it is this cancellation which the action and the motion seek to enjoin.

The plaintiff complains that it is a duly constituted political party. As part of its work, it conducts public hearings, planned to carry to the electorate the rectitude of its political program. Many such meetings, it is claimed, have been held during the past five years within the hotel operated by defendant. Plaintiff contemplated the disputed meeting prior to December 1, 1950, for the avowed purpose of welcoming Reverend Edward D. McGowan on his return from the Second World Peace Congress, held at Warsaw, Poland, to which he was an accredited delegate. It is claimed the defendant was notified thereof and of the plan to fill in the program with speakers associated with the American Labor Party. Plaintiff publicized the contemplated affair and engaged entertainment. It undertook obligations of $2,500. The meeting was advertised as a rally. It is claimed that the contract was cancelled because of unfavorable public notice directing attention to the meeting and its purpose to welcome Reverend McGowan, and to confer upon Paul Robeson the international peace award for which he was cited by the Warsaw World Peace Congress.

Defendant's action, charges plaintiff, contravenes section 40 of the Civil Rights Law. In view of the preparations made at such large cost and obligation, and the unavailability of any other place of public assembly in the county of Bronx suitable for the gathering, irreparable damage, it is claimed, will be sustained if the cancellation is not enjoined.

The contract contained a provision as follows: " The hotel reserves the right to cancel engagements at any time where rules are not observed, or where functions are of a nature not acceptable to the hotel ".

The pertinent portions of the Civil Rights Law provide: " All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any such place shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges

thereof, or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color or national origin, or that the patronage or custom thereat, of any person belonging to or purporting to be of any particular race, creed, color or national origin is unwelcome, objectionable or not acceptable, desired or solicited.'' (Civil Rights Law, § 40.)

I do not understand this application as being grounded upon any constitutional provision, Federal or State. It avers merely that the contract cancellation provision cannot be used as basis for violation of the Civil Rights Law and that this violation has the possible consequence of denying to plaintiff its constitutional rights.

It is not necessary to determine here the complexion or program of the plaintiff as a political party. Defendant charges that it was informed only of the purpose merely to hold a meeting, and its true purpose was first revealed to it by the commander of the Catholic War Veterans in the Bronx. It therefore cancelled the meeting for the following reasons: '' 1. Fear of rioting such as occurred at Peekskill, New York. 2. Fear of injury to the Hotel's guests. 3. Fear of damage to the defendant's property. 4. Defendant's unwillingness to permit the use of its property and facilities in the furtherance of the propaganda of a nation actively hostile to the United States ''.

My own zeal and determination to preserve and protect the democratic rights and processes within the framework of our Federal and State Constitutions is too long and well-established to pause now to document them. These are no less to be indulged now in confronting this issue when so many are engaged in battle in resisting aggression, while from the camp of the enemy blare forth false and spurious attempts at peace to ensnare the unwary.

As I view this application, several issues are raised which must defeat the plaintiff's present purpose, for it has failed to show a clear legal right to the drastic relief it seeks. Defendant contends and with considerable conviction that plaintiff does not come into court with clean hands or that it dealt fairly and openly in engaging the use of its facilities. Whether defendant has denied the use of its grand ballroom because of plaintiff's creed, or upon reasonable grounds having no relation

thereto, has not been so clearly established as to justify temporary relief prior to trial.

It appears that after the order to show cause was signed, plaintiff undertook to publish that the meeting would proceed as scheduled. Apart from my unwillingness to abdicate my function to plaintiff's legal adviser, this circumstance tends to indicate what it seems to the court must be well known. Those who contemplate attending the function are fired with such enthusiastic fanatic zeal in their cause that a deferred date with destiny will not lessen their ardor or the appeal of the call. Their cause is invested by them with such high aim, nobility and devotion that the dignity of orderly procedure and process should be preferred to the heat and passion of momentary simulated hysteria. In the event plaintiff should succeed in the action, the decree can be molded to secure to it the purpose of the contract. Deferment will neither dull the cause nor the zeal of its adherents. No irreparable damage is shown as likely to follow denial of the motion, whereas favorable consideration could well result in untoward consequences completely unjustified in the event of plaintiff's ultimate defeat.

It is not amiss to observe that Reverend McGowan did not return to this country bringing peace. It is the policy of our State Department that it is within the power of the rulers in Moscow to do exactly that, and that instead it has contrived at spreading the present war from a local engagement into World War III. Time enough, therefore, to confer the award when the action is decided, if conferral must take place on defendant's property.

The motion is denied.