Aeoe Stetjeb, J.
The plaintiff is an unincorporated association whose purpose, avowed in its title, is to secure justice for Morton Sobell. Sobell, as is well known, is presently incarcerated following conviction and sentence for treasonable acts. The corporate defendant is a restaurant and the individuals are interested and active in its management.
*565 It appears that plaintiff in February of this year planned to give a banquet to enlist public support for plaintiff’s appeal for executive clemency for Sobell. It entered into negotiations with the corporate defendant for holding that banquet at defendant’s restaurant. There is some dispute as to whether a formal contract was entered into but from the conduct of the parties it is quite clear that both regarded themselves as bound. Objections now voiced as to the validity of the contract are afterthoughts. As the day fixed for the dinner, April 21, approached, defendants were subjected to various pressures. Particularly that segment of the population which believes in free speech only if what is said accords with their own predilections let their opinions be known. The commissioner of parks advised defendants to cancel the reservation. Defendants yielded to the pressures and on April 14 definitely advised the plaintiff that it would not perform on their agreement. Two days later this action for an injunction was begun.
In reality this is an action for specific performance, and the substantial issue is whether specific performance lies. Various organizations interested in civil liberties have submitted briefs in which they argue that the rights of assembly and free speech are the main subjects involved. They are not. There is no doubt that an obligor to a contract is not more definitely bound to perform his contract because his breach would be a denial of liberty nor is the other party entitled to additional remedies because that would be the consequence of a breach.
Two factors determine whether a breach of contract gives rise to the remedy of specific performance. The first is whether the usual remedy of damages would be inadequate. In this case that is an issue of fact. The facts are not so clear and certain that they can be resolved on affidavit. It is true that plaintiff has made preparations, sold a large number of tickets and brought a speaker from California. It also appears that plaintiff has been unable to relocate the banquet. Obviously it is now too late to expect plaintiff to do so on the scheduled date. Whether the necessity for postponement is an injury for which damages will not compensate is not only a question but a very nice one which for adequate resolution would require extensive hearings. Not even a court can do the impossible, in this case resolve a question whose many facets defy a considered answer within the time available. It might be pointed out that in the only known instance in which the question of whether the necessity of deferring the date of a public dinner was claimed to be an irreparable injury, the claim was denied and it was held that damages were adequate compensation (American Labor *566 Party v. Hotel Concourse Plaza, 200 Misc. 587). While it might be convincingly argued that this is not conclusive and every case should be relegated to its own facts, we are brought back to the proposition of determining the particular facts.
But even if damages would be inadequate it does not follow that specific performance will be decreed. There are limits to what contracts admit of performance by decree. Contracts involving a transfer of realty or an interest in realty are the classic instances of contracts whose performance will be decreed. And to bring its contract within that class plaintiff has described it as a lease. But it requires no description beyond what has already been said that this was no rental and no transfer of realty is involved. There are catch phrases such as a contract for personal services will not be specifically enforced (Bronk v. Riley, 50 Hun 489; Breeden v. Hopkins, 210 App. Div. 412) but these are misleading. The true test is whether the desired performance is the kind of act or acts that the court can direct and that there can be little or no dispute whether or not there has been compliance. If on the contrary performance would consist of a course of conduct or the performance of several or a series of acts of such a nature that insuring compliance would involve supervision -of the performance, injunctive relief must be denied. In this category falls the providing and serving of a large public dinner. It is different where performance consists in the supplying of facilities, even complicated facilities such as radio time (Rose v. Brown, 186 Misc. 553) or a theatre (Shea v. Keeney, 155 App. Div. 628).
For these reasons the motion must be denied.