The Millie Iron Mining Company, Appellant, *v.* Ernst Thalmann and Karl Thalmann, Respondents.

*Landlord and tenant — the duty of the tenant to demand possession is not affected by a threat of the officers of the lessor corporation to refuse possession, made before the commencement of the term — effect of the lessor continuing in possession and taking ore from a mine.*

The president and the secretary and treasurer of a corporation which, by an instrument under seal had leased to certain parties its iron mines, applied, prior to the commencement of the term granted by such lease, to one of the lessees for a loan, and upon the application being denied, the secretary and treasurer said, " If you don't make the loan you can't have the mine," to which the lessee replied, " Very well, we can do without the mine."

*Held,* that the threat was not such a refusal on the part of the corporation to give possession of the mine as would relieve the lessees from the obligation to pay the rent reserved by the lease, especially as there was no proof that they had made any demand of possession after the commencement of the term of the lease, and as it did not appear that the president and secretary and treasurer, at the time of the transaction in question, were acting on behalf of the corporation, or that they had any authority to threaten to refuse to give possession of the demised premises.

In such a case, the lessor is not required at the commencement of the term of the lease to abandon the mine and leave it vacant and uncared for, and the fact that while in possession of the mine during the term of the lease the lessor has raised and removed ore therefrom, there being no evidence as to whether such operations resulted in a profit or a loss, is not a defense to an action for the rent accruing under the lease.

Appeal by the plaintiff, The Millie Iron Mining Company, from a judgment of the Supreme Court in favor of the defendants,

entered in the office of the clerk of the county of New York on the 1st day of March, 1898, upon the verdict of a jury rendered by direction of the court.

*Esek Cowen,* for the appellant.

*Frederic E. Perham,* for the respondents.

VAN BRUNT, P. J.:

On the 6th of August, 1890, the plaintiff, a Michigan corporation, by an instrument under seal, leased to the defendants its iron mine in the State aforesaid for the term of two years from the 1st of January, 1891, the defendants agreeing to pay a certain royalty for ore removed from the demised premises by them during the continuance of the lease. They also agreed to pay a royalty upon 5,000 tons of ore in each year, whether any ore was removed by them or not. It was expressly covenanted that the royalty should be treated as the rent of the premises. The defendants also agreed to pay the taxes upon the mine and ore during the years 1891 and 1892. The defendants did not take possession of the premises on the 1st of January, 1891, nor at any time thereafter, nor did they demand possession thereof; and the plaintiff remained in possession, removing some ore in each of these two years. The plaintiff, in April, 1895, began this action to recover the rent agreed upon and the taxes, and for breach of another condition of the lease in respect to the taking out of ore. The answer admitted the making of the lease, and denied that possession of the mine had been taken by the defendants or tendered to them by the plaintiff, and set up, amongst other defenses, that before the 1st of January, 1891, the plaintiff refused to deliver the premises described in the lease, and notified the defendants that they could not have the same or the possession thereof, and that the defendants, although ready and willing to take the premises, were prevented by the plaintiff from doing so and were deprived of the possession of the premises during the whole term.

Upon the trial the defendants proved that during the entire period of the lease the plaintiff was in possession of the mine and raised and removed ore therefrom; but there was no evidence as to whether such operations resulted in a profit or a loss. They also proved that

the plaintiff had not demanded any rent or royalty until March, 1895, the time of the commencement of this action, and that the plaintiff never tendered the mine to the defendants. They further proved that in December, 1890, Mr. D. S. Dessau, who was president of the company, and Mr. Simon Dessau, who was its secretary and treasurer, came to the office of the defendants and made a demand upon the defendant Ernst Thalmann for a loan of $15,000, which was declined; that thereupon Mr. Simon Dessau said: "If you don't make the loan you can't have the mine," whereupon Mr. Thalmann said: "Very well, we can do without the mine," and, as witness stated, "they left in a huff." Upon this state of facts the jury rendered a verdict by direction of the court in favor of the defendants, and from the judgment thereupon entered this appeal is taken.

It is urged upon the part of the defendants that the transaction of December, 1890, in which the Dessaus applied for the loan of $15,000, was a refusal upon the part of the company to give possession of the mine. It is difficult to see how such an interpretation can be placed upon the transaction. There is no proof that they were acting on behalf of the corporation, and no proof of any authority conferred upon them to threaten to refuse possession, for this is all that they did. There is no proof, moreover, that the defendants made any demand of possession or any request that they might be let into possession of the premises after the commencement of the term of the lease.

It is urged that a demand of possession after the conversation which took place would be entirely nugatory as the demand must be made necessarily of the officers of the company, who had already threatened that they would not give possession of the mine. It is sufficient to say that it appears that this was a conversation in which there was a great deal of heat upon both sides; that the term had not commenced, and that it was necessary for the defendants, in order to be released from their contract, to put the plaintiff in default by a refusal of possession upon due demand after the term had commenced. There is no law which requires a landlord to hunt up his tenant and ask him to go into possession of the premises before he can claim the rent which his tenant has agreed to pay. It is the duty of the tenant to demand possession of the premises at the prem-

ises, and it requires something more than heated or angry conversations in regard to a collateral matter to excuse a tenant from demanding possession when his term has commenced.

In view of the foregoing facts, and because it is urged that the plaintiff remained in possession of and operated the mine, it is claimed that there was a surrender of the lease by operation of law and an acceptance of such surrender. The plaintiff was not required to abandon its mine and leave it vacant and uncared for. It had a right to use it until requested to give possession in pursuance of the contract of lease, and, no such demand having been made, it was entitled to remain in possession of, and to care for and to use its property. It might as well be said that where a landlord rents his house he is bound to vacate it before any demand of possession upon the part of the tenant or any evidence of the latter's willingness to enter into the premises and care for the same as he is required to do. We are of opinion, therefore, that the evidence failed to establish a refusal to give possession or that there was any surrender of the lease by operation of law, or otherwise, upon the part of the defendants, which was accepted by the plaintiff.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.