(67 App. Div. 330.)

GOLDMAN v. GAINEY.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. CONTRACT TO LEASE—BREACH—DAMAGES—COMPLAINT.

Where the sole allegation of damages in a complaint for breach of contract to lease was special damages, incurred in preparing to take possession of the premises, and from loss of business by being deprived of a place of business in the locality of the store leased, evidence of general damage because the rental value of the building for the contract period was $200 more than the contract price was inadmissible.

2. SAME—VERDICT—EVIDENCE.

Defendant contracted to rent a building to plaintiff for $100, and in an action for breach of the contract no general damages were alleged. The only special damages proved was an expenditure of $5 for preparing to take possession, and defendant and two other witnesses testified that the fair rental value of the property was the contract price, while plaintiff testified that it was worth $300 a year. Held, that a verdict allowing plaintiff $90 damages was contrary to the evidence.

Appeal from trial term.

Action by Louis Goldman against John J. Gainey. From a judg-ment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and EDWARDS, SMITH, CHASE, and HOUGHTON, JJ.

M. N. Tompkins, for appellant.
F. K. Dalley, for respondent.

PARKER, P. J. The plaintiff complains that the defendant agreed to rent to him a portion of a store in Ithaca, N. Y., viz. desk room in front, and the rear partitioned off for a workshop, for the sum of $100 per year, payable monthly in advance, the term to commence and possession to be given September 17, 1900; that upon that day, when tendered the first installment of rent, the defendant refused to let him take possession, and has ever since repudiated the contract so made. He brought this action to recover damages for such breach, and recovered upon the trial a verdict for $90 damages, upon which judgment for that amount and costs was entered. From such judgment and order denying a motion for a new trial on the minutes, this appeal is taken. On the trial the plaintiff was allowed to testify that the rental value of the store, meaning the portion which the defendant had agreed to rent to him, was $300 per year. This evidence was taken under the defendant's objections, among other grounds, that it was not alleged, and was inadmissible under the complaint; and to the ruling admitting it, an exception was duly taken. The complaint, after setting forth the bargain and the breach thereof by the defendant, goes on to state "that by reason of the failure of the defendant to perform his part of the agreement, as aforesaid, said plaintiff has suffered great damage on account of the expense which he has incurred in preparing to take possession of said premises, and on account of the loss of business which the plaintiff verily believes he has sustained by being deprived of a place of business in the particular locality named"; and then demands judgment "for five hundred dollars damages, besides the costs of this action."

In an action for a breach of contract such as is here set forth, the difference between the actual rental value of the premises and the amount agreed to be paid therefor is general damages, which need not be specifically pleaded; but I apprehend that there must be an averment in the complaint that some damage has accrued to the plaintiff from the mere breach, in order to recover even those which the law assumes flow naturally and necessarily from such breach. Special damages, such as that the plaintiff had incurred expense in painting his sign on the window of the premises and on his delivery wagon, and which he pleaded and was allowed to prove in this action, can be proven only when facts have been set forth in the complaint showing that they have been incurred. It will be noticed that in this complaint there is no averment that the plaintiff has suffered any damage whatever from the breach of this contract, save such as arose from the special damages which he has therein claimed.

He "suffered great damage on account· of the expense which he has incurred in preparing to take possession," etc. There is no charge that he suffered damage in any other way,—no suggestion that any general damages had accrued to him from such breach. On the contrary, by averring that he had suffered certain special damages, and not claiming that any damages whatever had accrued· to him other than those, he misleads the defendant into the idea that no claim for any other would be made. Under such a pleading, the defendant might omit to prepare to meet the claim that the actual rental value of the premises was more than the rent agreed to be paid; and hence it was error to allow the plaintiff to prove it. I would not hold that the plaintiff could not prove, as general damages, this difference between the price and the rental value of the premises, without specifically setting it up in the complaint, if he had charged any general damages whatever as flowing from the breach. But he not only omits to do that, but he distinctly charges that the damages which he claims to have suffered were those special damages which he specially sets forth. In other words, he makes special averments of special damages and omits altogether the ad damnum clause under which general damages alone can be proven. 5 Enc. Pl. & Prac. p. 717; Gumb v. Railway Co., 114 N. Y. 411, 414, 21 N. E. 993. Thus he tenders, upon the question of damages, a distinct and narrow issue. It would seem that upon the trial he should have been confined to that issue. Moreover, the plaintiff is the only one who testifies that the annual rental value of such premises was $300. No other witness testifies to their value, except the defendant and his two witnesses, who testify that the fair rental value was $100 per year. In view of the fact that such was the sum which the defendant asked, it would seem that he was honest in his testimony; and it is quite improbable that he did not know within $200 of what they were fairly worth. It is incredible that the plaintiff's statement that they were worth $300 is accurate. I cannot believe that they were worth three times as much as he was to give for them, and that he had $200 benefit in that bargain. Neither did the jury believe that. The court instructed them that, in addition to the difference between the actual rental value of the premises and what the plaintiff agreed to pay, he could recover $5 expended for the purpose of painting signs on the window and wagon. All other of the special damages claimed were excluded. The jury allowed the plaintiff $90 damages. In my judgment, the clear weight of evidence is against such a verdict. It is a verdict which, under the complaint in this action, should not be allowed to stand. The judgment and order should be reversed, both on the law and the facts, and a new trial granted.

Judgment and order reversed and new trial granted, with costs to defendant to abide event. All concur.