ANNIE M. SADLIER et al., Appellants, *v.* THE CITY OF NEW
YORK, Respondent.

1. TRESPASS — WHEN JUDGMENT FOR PAST DAMAGES WITHOUT GRANT
OF EQUITABLE RELIEF PROPER. Where a trespass is of a continuous
nature a person has a right to invoke the restraining order of a court of
equity to prevent the same, and in an action for that purpose the court
can, and should, grant all the relief that the nature of the action and the
facts demand; but a judgment for past damages alone is not unauthor-
ized and erroneous where, for reasons special and peculiar to the action,
the court in its discretion or arbitrarily refrains from granting equitable
relief. The defendant, at least, is not aggrieved by such judgment, the
plaintiff alone being in a position to complain if the court fails to grant
him all the relief to which he is entitled,

2. MUNICIPAL CORPORATIONS — NOT LIABLE FOR CONSEQUENTIAL DAMAGES TO PROPERTY OWNERS ARISING FROM MAINTENANCE OF BRIDGE. Where in the exercise of governmental powers and under express legislative authority a municipality erects and maintains a bridge or elevated structure necessary for carrying out a public purpose, no liability is incurred for consequential injuries to others, it being only liable for the taking of private property or easements or where by reason of negligence, lack of care or some other affirmative act a direct injury is occasioned.  A judgment, therefore, in an action to enjoin the city of New York from so maintaining and using a bridge, built over lands owned by said city and separated from the plaintiff's land by a strip taken by the city from the plaintiff's ancestor, as to permit water, splinters and debris to fall upon plaintiff's property and for damages, based upon findings of fact stating indiscriminately that such substances are swept, blown and fall upon such property and upon conclusions of law stating without reservation that the plaintiffs are entitled to recover of the defendant for permitting such substances to fall, be blown, swept or thrown upon the plaintiff's building is erroneous, since such findings and conclusions of law clearly include damages for consequential injuries.

*Sadlier* v. *City of New York*, 104 App. Div. 82, affirmed.

(Argued May 16, 1906; decided June 12, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 28, 1905, reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term and granting a new trial.

The action is brought for equitable relief, and judgment is demanded that the defendant be perpetually enjoined and restrained from so maintaining and using the bridge over the East river from the borough of Manhattan to the borough of Brooklyn, New York, as to cause and allow or permit water, splinters or debris or matter of any kind to fall upon plaintiffs' real property except on the condition that it purchase and pay for plaintiffs' property, or if the parties cannot agree upon the price therefor, that the defendant acquire the same by condemnation proceedings and that the defendant pay the plaintiff $25,000 damages.

The defendant, in answer to the complaint of the plaintiffs, alleged, among other things, that said bridge is a public high-

way maintained and operated with full legislative and munici-
pal authority and that the acts complained of by the plaintiffs
have been done in the performance of a public duty and by
legislative authority.

By stipulation of the parties the issues were noticed for
and tried at a Special Term of the Supreme Court and the
court found that the plaintiffs are the owners of certain real
property with a three-story brick building thereon in the
borough of Brooklyn, and that said bridge is owned and
maintained by the defendant across the East river, and that
the northerly line of the plaintiffs' real property is twenty
feet south of a line falling vertically from the southerly side
of said bridge, and that said bridge is about eighty feet higher
than the roof of the plaintiffs' building, and it further found :

"*Fifth* — That said bridge and the roadways thereof are so
constructed that the passage of horses and vehicles thereover
causes the boards and planks of which the flooring thereof is
built, to chip, splinter, tear off in shreds, and pulverize, and
large quantities of such chips, shreds and splinters and pul-
verized wood collect and are allowed to collect thereon and
are swept and fall therefrom onto the roof of said building.

"*Sixth* — That water and snow accumulate on the wagon
road of said bridge, and on the southerly side thereof, and
mingling with the said chips, shreds, splinters and with filth,
refuse and manure thereon, form muck, slush and filth, which
flows and falls onto the roof and against the sides and windows
of said building, the side of the said bridge not being enclosed,
guarded or provided with a gutter to prevent it.

"*Seventh* — That in the use and operation of said bridge
there flows and falls on the roof, sides and windows of said
building from the southerly side of said bridge and from the
point over or adjacent to the said building large quantities of
mud, filth and manure, and also dust, splinters, chips, shreds
and waste from the planks of which the roadway is con-
structed, and that by the reason of the falling of such mud,
filth and manure the windows and skylights of said building
are dirtied and rendered dark, and the light is prevented from

entering said building as fully as it otherwise would, and that by reason of the refuse, waste, dirt, splinters, chips, shreds, etc., which fall on the roof of said building, and of the large quantities thereof which are cast upon and cover the said roof, the waste pipes leading from such roof become clogged and stopped up and fail to carry off the water therefrom, and by reason thereof the water accumulates on the roof of such building and overflows the skylights and ventilators and floods the same.

"*Eighth* — That the various acts above set forth have continued without intermission, either in a greater or less degree, from the time such building was constructed and that they are still continuing.

"*Tenth* — That the casting or falling of such material and articles before mentioned upon said building is a direct trespass upon and injury to the plaintiffs' said property.

"*Twelfth* — That the plaintiffs have been damaged from the time said building was erected up to January, 1902, by reason of the facts and conditions above set forth in the sum of twelve hundred dollars.

"*Thirteenth* — That the permanent damage which the plaintiffs have sustained to this building by reason of the facts and conditions above set forth should not now be assessed although the defendant claims its continuance is unavoidable if the bridge is to continue to be used, but the plaintiffs should be left to bring a new action if such trespass and nuisance continue, and have the permanent damage then assessed if it be meet."

The court found as conclusions of law as follows :

"*First* — That the plaintiffs are entitled to have the use of said building undiminished by the defendant in the manner aforesaid.

"*Second* — That the acts stated above, namely, the permitting of filth, slush, mud, manure, refuse, dust, splinters, chips, shreds, etc., to fall, be blown, swept, or thrown against and upon the plaintiffs' building and the windows and skylights thereof, is a direct trespass against the said property of the

plaintiffs, and an interference with and diminution of the use of said property, depriving them of the full use thereof.

"*Third* — That the plaintiffs have suffered damages from the time said building was erected up to the first day of January, 1902, in the amount of twelve hundred dollars, which damages arise from the causes above stated.

"*Fourth* — That such damages above stated which the plaintiffs have sustained are from direct injuries to their property and not from consequential injuries.

"*Fifth* — That by reason of the facts hereinbefore stated the plaintiffs are entitled to judgment against the defendant in the sum of twelve hundred dollars, with interest thereon from the first of January, 1902, for past damages ; the question of fee or permanent damage not being now assessed, but the plaintiffs being left to another action and to have their permanent damage assessed if the trespass and direct injury to their property continues."

Judgment was thereupon entered in favor of the plaintiffs against the defendant accordingly. An appeal was taken to the Appellate Division, where said judgment was reversed. The reasons for the reversal, as stated in the opinion of the court, are that the court had no power to award the plaintiffs damages, except as a part of a judgment granting injunctive relief, and that the court in directing judgment for the plaintiffs took into consideration consequential injuries and damages, for which the defendant is not liable to the plaintiffs and for which they have no legal remedy.

Further facts appear in the opinion.

*Jesse W. Johnson* for appellants. The issues raised by the pleadings were properly triable before a court of equity, and equity having acquired jurisdiction had power to award any judgment which the exigencies of the case required. (*Friel v. Queens Co.*, 154 N. Y. 648 ; *Trustees of Columbia College v. Thatcher*, 87 N. Y. 311 ; *O'Reilly v. N. Y. El. R. R. Co.*, 148 N. Y. 347 ; *Garvey v. L. I. R. R. Co.*, 159 N. Y. 323 ; *Westphal v. City of New York*, 177 N. Y. 140 ; *Rob-*

*erts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 455; *Galway* v. *M. El. R. R. Co.*, 128 N. Y. 132; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423; *A. B. N. Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252.) The conclusions of law are amply supported by the findings of fact. The acts committed by the defendant toward the property of the plaintiffs were a direct trespass. The injuries were direct, not consequential, and the plaintiffs are entitled to recover for any loss which they may have sustained. (*Muhlker* v. *N. Y. & H. R. R. Co.*, 197 U. S. 544; *Sauer* v. *City of New York*, 180 N. Y. 27; *Transp. Co.* v. *Chicago*, 99 U. S. 635; *Hay* v. *Cohoes*, 2 N. Y. 159; *Foster* v. *Scott*, 136 N. Y. 577; *Hill* v. *Mayor, etc.*, 139 N. Y. 495; *Morton* v. *Mayor, etc.*, 140 N. Y. 242; *Garvey* v. *L. I. R. R. Co.*, 159 N. Y. 323; *Upington* v. *City of New York*, 165 N. Y. 222; *Benner* v. *A. D. Co.*, 134 N. Y. 156.)

*John J. Delany, Corporation Counsel* (*James D. Bell* of counsel), for respondent. The court at Special Term, after having refused all equitable relief, should have refused compensation, as in equity compensation is incident to the relief and not the object of it, and hence the Appellate Division was justified in reversing the judgment herein, and this appeal should fail. (2 Story Eq. Juris. § 794; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 425; *W. U. T. Co.* v. *S. El. L. & P. Co.*, 178 N. Y. 325; *Westphal* v. *City of New York*, 177 N. Y. 140.) The plaintiffs failed to make a case entitling them to equitable relief or to damages as incident thereto. (*Transp. Co.* v. *Chicago*, 99 U. S. 635; *Radcliffe* v. *Mayor, etc.*, 4 N. Y. 195; *Muhlker* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 556; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270.)

CHASE, J. Where a trespass is of a continuous nature a person has a right to invoke the restraining order of a court of equity to prevent the same, and in an action for that purpose the court can, and should, grant all the relief that the nature of the action and the facts demand.

In this case we will first assume that the complaint alleged facts justifying the relief which the plaintiffs demanded ; that they established the allegations of their complaint on the trial and that the court found the facts in accordance with plaintiffs' contention and which entitled the plaintiffs to equitable relief.

Should the judgment have been reversed simply because the court for special reasons refrained from granting the plaintiffs all the relief to which they were entitled ? We do not see how the defendant was aggrieved. ˌ There is only one form of civil action. The distinction between actions at law and suits in equity and the forms of those actions have been abolished. (Code Civ. Proc. § 3339.) All that a plaintiff has to do in any case is to set forth in his complaint a clear, concise, and unequivocal statement of the facts constituting his cause of action, and a demand of the judgment to which he supposes himself entitled. (Code Civ. Proc. § 481.)

The inherent, fundamental differences between actions at law and actions for equitable relief, such as determine whether a trial of the action by jury is a matter of right and otherwise affect the interests of litigants, have not been and cannot be abolished. For such reason, and for the very simple reason that a person must in his complaint, as we have seen, state the facts constituting his cause of action, a plaintiff who brings an action for equitable relief must establish such cause of action or his complaint should be dismissed. It is, therefore, frequently held that damages, as in an action at law, cannot be given in an action in equity where the plaintiff has failed to establish his right to equitable relief. It does not follow that where a plaintiff has established a cause of action entitling him to equitable relief that a judgment rendered by the court for past damages alone is wholly unauthorized and erroneous where for reasons special and peculiar to the action the court in its discretion or arbitrarily refrains from granting the equitable relief to which, from the facts found, the plaintiff was entitled.

It is said in Pomeroy's Equity Jurisprudence (2d ed.

§ 237) : " It may be stated, therefore, as a general proposition
that a court of equity declines the jurisdiction to grant mere
compensatory damages when they are not given in addition to
or as an incident of some other special equitable relief, unless
under special circumstances the exercise of such jurisdiction
may be requisite to promote the ends of justice.   There are,
however, special circumstances in which the principle under
discussion is invoked and is extended to the award of mere
damages."

Instances may be mentioned, such as in actions for specific
performance, where it is found on the hearing that the relief
prayed for is impracticable, or in an action in the nature of a
creditor's bill where it is ascertained upon the hearing that
property fraudulently transferred has been conveyed to an
innocent purchaser.   Instances of judgment being rendered
in such actions for money damages only are numerous.   These
cases are mentioned simply to show that a grant of equitable
relief is not indispensable when the action is properly brought,
and the facts upon which equitable relief is claimed are estab-
lished, but where through special circumstances money dam-
ages only are given not because the plaintiff has improperly
brought his action in equity but because of such special
circumstances.

If we assume that during the trial of this action the defend-
ant had wholly removed the bridge, the relief which the court
could have given would have depended upon such condition
of things existing at the close of the trial.   (*Miller* v. *Edison
Elec. Ill. Co.*, 184 N. Y. 17.)

An injunction restraining the use of the great highway
across the East river may to the court have seemed unneces-
sary and drastic, although the plaintiffs were upon equitable
principles entitled thereto.   The court, by its findings of fact
and conclusions of law, recognize the plaintiffs' right to per-
manent or fee damages *if the trespasses are continued.*

The decision in *W. U. Tel. Co.* v. *Syracuse El. L. & P. Co.*
(178 N. Y. 325) holds in conformity with previous decisions
of the court that unless a person bringing an action in equity

establishes such cause of action his complaint should be dismissed. The court say : "The object of the action was to restrain an alleged trespass which is not permitted except under peculiar circumstances *not shown to exist in this case.*"

The form of judgment does not necessarily determine whether an action is one at law or in equity. (*Baily* v. *Hornthal,* 154 N. Y. 648, 661.)

If a plaintiff in his complaint alleges facts which give the court jurisdiction in equity and he establishes such facts on the trial, he alone should complain if the court fails to grant him all the relief to which he is entitled.

There is, however, a more serious objection to sustaining the judgment of the Special Term that goes to the right of the plaintiffs to recover from the city for all of the alleged wrongs stated in the findings quoted.

The bridge is a public highway erected and maintained by legislative and municipal authority. The plaintiffs' property is located opposite a point in the easterly approach to that part of the bridge spanning the river. The authority and duty of the defendant to erect and maintain the bridge in question and its approaches is conceded. The plaintiffs are not even abutting owners of the highway so maintained by the defendant. The real property which they assert has been damaged is not under the bridge and does not adjoin lands under the bridge. Their real property is part of the property of their ancestor remaining after the defendant had taken from him a strip twenty feet wide on the southerly side of a line drawn vertically from the southerly side of said bridge. There is no finding that the bridge was not properly erected or that it is negligently maintained. We quote with approval from the opinion of the Appellate Division herein, as follows :

"The authorities are clear that some of the acts complained of may constitute trespass, which, if committed in the administration of the bridge, cast liability upon the defendant irrespective of any question of its negligence. (*Lambert* v. *Besey,* Sir T. Raym. 421; *Hay* v. *Cohoes Co.,* 2 N. Y. 159; *St.*

*Peter* v. *Denison*, 58 id. 416 ; *Sullivan* v. *Dunham*, 161 id. 290 ; *Seifert* v. *City of Brooklyn*, 101 id. 136 ; *Huffmire* v. *City of Brooklyn*, 162 id. 584.) The fact that the Legislature authorized the bridge, and that it was constructed within such authority, does not shield the defendant from liability in such a case. * * * I do not believe that the defendant with impunity can sweep debris off the bridge so that when thus cast off into the currents of the air it falls upon the premises of the plaintiffs."

Where a municipality sweeps or throws water, snow, dirt or refuse upon the real property of others, or gathers the same at one point that they may be discharged upon such real property of others, the injury occasioned thereby is direct and not consequential. But the lawful maintenance of a public highway results in certain consequential injuries that are not actionable.

The maintenance of a public highway at grade necessarily and unavoidably results in some annoyance and injury, as well as convenience and advantage to abutting landowners. Owners of abutting land and owners of land in the vicinity of highways are to some extent affected by noise thereupon and by dust, dirt and particles of the material with which the highway is surfaced, being blown upon their property and on and into the buildings erected thereon. Surface water from highways, which is always more or less polluted by mud and refuse with which it mingles on such highways, runs upon the adjoining land. If it so happens that the adjoining lands are lower than the highway the annoyance and injury occasioned by the dirt and surface water from the highway is increased and the greater the depression of the surrounding lands the greater the extent of the consequential annoyance and injury.

The grade of a street may be changed under lawful authority to make the same lower or higher than that of the lands of abutting owners without liability for consequential damages unless provision is made by statute therefor. (*Radcliff's Exrs.* v. *Mayor, etc. of Brooklyn*, 4 N. Y. 195.)

This court, in *Lynch* v. *Mayor, etc. of N. Y.* (76 N. Y. 60),

were considering a case where the city of New York had caused the grade of an avenue to be raised twenty feet above the surface of the adjoining lands without providing any means for carrying off the rain water which fell upon the avenue or to prevent such water from draining upon the adjoining lands, and said : " The defendant had at least as much right to fill up and raise this avenue as a private owner of a city lot has to fill up and improve his lot, and there can be no question that such an owner may fill up his lot and build upon it, and the surface water of adjoining lots may thus be prevented from flowing upon it or the surface water may be thrown from it upon adjoining lots, and flow upon them in a different way and in larger quantities than before, and yet no liability would arise. If it were otherwise it would be quite difficult to improve city lots and build up a city. Each owner may improve his lot and protect it from surface water. He may not collect such water into a channel and throw it upon his neighbor's lot. But he is not bound for his neighbor's protection to collect the surface water which falls upon his lot and lead it into a sewer."

So far as the facts relating to the maintenance of the bridge in question and its approaches will permit, the rules of law relating to the maintenance of a public highway are applicable to it. The plaintiffs, however, are not abutting owners. The approach to the bridge is not an elevated structure built over a highway maintained at grade, but at least at the point opposite the plaintiffs' lands it is built over other lands owned by the defendant which are not directly used for highway purposes, and as we have seen the defendant has taken from the plaintiffs' ancestor the lands immediately between the lands under the bridge and those now owned by the plaintiffs.

The decisions of the courts relating to the rights of owners of lands abutting on streets at grade upon which elevated structures have been erected by or *for* elevated or other railroads, are based upon facts entirely different from those appearing in this case, and such decisions are not applicable

to this case. A private owner of land may build on and over the same without liability for all of the annoyance and consequential injury that may be thereby occasioned to his neighbor. The liability of the defendant to the plaintiffs should not in any event exceed the liability of an individual and private owner in the maintenance of a similar structure over land owned by him.

When, in the exercise of governmental powers and under express legislative authority a city erects and maintains a bridge or elevated structure necessary for carrying out a public purpose, no liability is incurred by the city for injuries to others unless it enters upon and takes private property or easements belonging thereto or connected therewith for public purposes, or unless by negligence and lack of care in the performance of the work in erecting or in the maintenance of the bridge or structure, or by reason of some other affirmative act a direct injury is thereby occasioned.

The learned justice at Special Term recognized and asserted the rule that the defendant is not liable for consequential damages arising from the maintenance of the bridge, but, we think, in his application of the rule to the facts in this case he wholly fails to confine the award for damages to injuries that are direct and not consequential.

The judgment in this case is based upon findings of fact which state indiscriminately that the substances therein named are swept, blown and fall upon the plaintiffs' property and the conclusions of law state without reservation in substance that the plaintiffs recover of the defendant for permitting such substances to fall, be blown, swept or thrown against and upon the plaintiffs' building.

The findings and conclusions of law clearly include damages for consequential injuries for which the defendant is not liable. As the judgment in favor of the plaintiffs obtained at the Special Term cannot be sustained, it is not deemed wise at this time to further discuss and define the liability of the city, if at all, for specific and specified acts heretofore done or allowed in the maintenance of the bridge.

The order of the Appellate Division should be affirmed and judgment absolute ordered on stipulation, against the appellants, with costs in all the courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT and HISCOCK, JJ., concur; GRAY and O'BRIEN, JJ., absent.

Ordered accordingly.