MEYER KOENIG and SAMUEL SCHAFFER, Copartners Doing Business under the Firm Name and Style of SCHAFFER & KOENIG, Respondents, *v.* EAGLE WAIST CO., INC., Appellant.

First Department, March 23, 1917.

Landlord and tenant — suit to obtain mandatory injunction requiring landlord to render possession to tenant — temporary injunction without undertaking by plaintiff unauthorized — equity — injunction will not issue to put tenant into possession — legal remedies of tenant where landlord refuses possession.

In a suit by a tenant against a landlord to obtain a mandatory injunction requiring the landlord to render possession to the tenant, the court has no power to grant a mandatory injunction *pendente lite* without requiring the plaintiff to give an undertaking as required by section 620 of the Code of Civil Procedure. This because the defendant would be without indemnity should the court finally determine that the plaintiff was not entitled to injunctive relief.

The authority for granting an injunction *pendente lite* must be found in the Code of Civil Procedure, and the right thereto depends upon the sufficiency of the complaint.

Equity will not take possession of real estate from one party and give it to another by mandatory injunction, and where a tenant is denied possession by his landlord, he has an adequate remedy at law either in eject-

ment or by summary proceedings, or by an action for damages in which can be recovered not only the difference between the rent reserved and the actual rental value, but also such other proximate damages as naturally flow from the refusal of the landlord to give possession.

APPEAL by the defendant, Eagle Waist Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of September, 1916, granting plaintiffs' motion for an injunction *pendente lite.*

*Charles J. Steinberg,* for the appellant.

*Morris W. Hart* [*Morris Quasha* with him on the brief], for the respondents.

PAGE, J.:

The complaint alleges the making of a lease whereby the defendant demised to the plaintiffs certain premises therein described for a term of six months; the payment of the first month's rent; and that the defendant has wrongfully and arbitrarily failed and refused to permit the plaintiffs to enter said demised premises or to use and occupy the same. There are other allegations in the complaint which might have indicated that the plaintiffs had been given possession, but subsequently their peaceable possession had been interfered with, if they had not positively alleged that the defendant refused to allow them to enter, use or occupy the premises. The judgment demanded is that the defendant be commanded to forthwith deliver to the plaintiffs full, complete and absolute possession of the premises and commanding the defendant to provide the plaintiffs with the means of free access to the premises at all times during the term of the lease; and for an award of compensatory damages.

The learned justice at Special Term has granted *pendente lite* a mandatory injunction that the defendant forthwith deliver to the plaintiffs full, complete and absolute possession of the premises and provide the plaintiffs with means of free access to the demised premises. No provision for the giving of an undertaking was provided in the order as required by section 620 of the Code of Civil Procedure. The learned justice, there-

fore, granted in a preliminary injunction all the equitable relief to which the party would have been entitled in the final judgment, and without affording the possibility of indemnity if the court should finally determine that the plaintiffs were not entitled to such relief. (See *Palmer* v. *Foley*, 71 N. Y. 106; *Howley* v. *Francis Press*, 127 App. Div. 646.)

The authority for the granting of an injunction *pendente lite* must be found in the Code of Civil Procedure. As the action is for an injunction the right to a temporary injunction depends on the sufficiency of the complaint. (Code Civ. Proc. § 603.) The complaint does not show that the plaintiffs were entitled to the relief demanded, for equity does not take the possession of real estate from one party and give it to another by mandatory injunction. (High Inj. § 4; *Bachman* v. *Harrington*, 184 N. Y. 458, 463.) Although some of the language used in the opinion in *Goldman* v. *Corn* (111 App. Div. 674) would seem to indicate that a tenant was entitled to a mandatory injunction to put him in possession, it is clear from a careful reading of the opinion that the assignor of the excluded tenant was in possession under an unexpired lease, which could be assigned without the consent of the landlord, and that the landlord having no right of re-entry except as permitted by the lease, the attempted exclusion of the tenant was a continuing trespass against which equity will restrain.

In the case at bar the plaintiffs if they are aggrieved have full and adequate remedy in accordance with well-recognized and long-settled rules of law and procedure. If they desire to recover possession, an action in ejectment would afford the relief. If the delay incident to the trial of an action would render such relief inadequate a summary proceeding, it would seem, could be instituted as provided in section 2235 of the Code of Civil Procedure by the person forcibly kept out of possession. Furthermore the plaintiffs have a full and adequate remedy at law in an action for damages; not alone could they recover the difference between the rent reserved and the actual rental value of the premises for the stipulated term, but also such other proximate damages as naturally would flow from the refusal of the landlord to give possession under the covenants of the lease. (*Friedland* v. *Myers*, 139 N. Y. 432, 436.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT and DAVIS, JJ., concurred; SMITH, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.