ROCKEFELLER PURCHASING CORPORATION, Appellant, *v.*
ROCKEFELLER CENTER, INC., Respondent.

(Submitted March 13, 1936; decided April 14, 1936.)

*Harry H. Oshrin* and *Nathan Stieglitz* for appellant.
The plaintiff comes into court with clean hands. The
amended complaint states facts sufficient to constitute
a cause of action, and the plaintiff has no adequate remedy
at law. (*Goldman* v. *Corn,* 111 App. Div. 674; *Greenblatt*
v. *Zimmerman,* 132 App. Div. 283; *Podalsky* v. *Ireland,*
137 App. Div. 257.)

*John A. Kelly* and *F. Trowbridge von Baur* for respondant. The amended complaint shows that the plaintiff has an adequate remedy at law. (*Schneider* v. *Miller*, 132 App. Div. 852; *Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458; *Koenig* v. *Eagle Waist Co.*, 176 App. Div. 726; *City of New York* v. *Pike Realty Corp.*, 247 N. Y. 245; *Podalsky* v. *Ireland*, 137 App. Div. 257; *Friedland* v. *Myers*, 139 N. Y. 432; *Dodds* v. *Hakes*, 114 N. Y. 260; *Lieberman* v. *Graf Realty Holding Co.*, 174 App. Div. 774; *Schwartz* v. *Minsker Realty Co.*, 166 App. Div. 681.)

LOUGHRAN, J. We agree with the Appellate Division that this complaint states no cause of action.

The pleading alleges that on January 30, 1935, the defendant made a lease to one Isidore Mitchell who, in the manner thereby provided, assigned all his right, title and interest to the plaintiff, with the approval of the defendant. No provision of any instrument of lease is set forth. The premises said to have been let are described only as being " of peculiar and particular benefit and advantage to the plaintiff in that said leasehold premises are located in a building which would give the plaintiff certain benefits * * * of a transient patronage of a large number of local people and patrons attracted to Rockefeller Center, by reason of its fame and reputation, which would in turn afford the plaintiff large opportunities for business or trading * * * which would not otherwise exist in any other location." This averment follows: " That the loss of business which plaintiff will suffer by reason of being denied possession of the premises * * * is not capable of computation and that plaintiff will suffer irreparable damage as a result of being denied the right of possession of the said premises."

It is then alleged that " the defendant will resist by force any and all efforts on the part of the plaintiff to enter into the possession of the demised premises referred to in the aforementioned lease * * * and will refuse

to permit the plaintiff to list its name on the bulletin or directory board maintained in said building." The relief demanded is "judgment against the defendant that the latter be enjoined from interfering with the plaintiff in taking possession of the premises referred to in the aforementioned lease, * * * and be enjoined from discontinuing or withholding the listing of the plaintiff's name on the bulletin board maintained in the building wherein the leased premises are located, and that the plaintiff otherwise be awarded damages, caused by the acts of the defendant and that the plaintiff have such other and further relief as to the court may seem just and proper in the premises."

The precedents are quite uniformly against such an ejectment in equity. (See *Koenig* v. *Eagle Waist Co.*, 176 App. Div. 726; *Mead* v. *Camfield*, 11 N. J. Eq. 38; *Weiss* v. *Levy*, 166 Mass. 290; *Lewis* v. *Cocks*, 90 U. S. 466; Story on Equity Pleadings [Redfield's 8th ed.], § 476; 1 Pomeroy on Equity Jurisprudence [4th ed.], § 177. Cf. *Longo* v. *Sparano*, 119 Misc. Rep. 402.)

That an actionable default of the defendant has been pleaded is more than doubtful. (*Whitney* v. *Allaire*, 1 N. Y. 305, 311; *Millie Iron Mining Co.* v. *Thalmann*, 34 App. Div. 281; *Bonfils* v. *Ledoux*, 266 Fed. Rep. 507.)

Neither the rent reserved nor the value of the premises for any term is stated, nor does the actuality of loss to the plaintiff otherwise appear. (Cf. *Trull* v. *Granger*, 8 N. Y. 115; *City of New York* v. *Pike Realty Corp.*, 247 N. Y. 245, 249; *Williamson* v. *Stevens*, 84 App. Div. 518; *Goldman* v. *Gainey*, 67 App. Div. 330.) Consequently the alternative prayer for damages can have no effect. (Civ. Pr. Act, § 479; *Sadlier* v. *City of New York*, 185 N. Y. 408, 414; *Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257.)

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgment affirmed.