M. DAVID KNOWER, Respondent, *v.* FRANK M. ATKINS, Appellant.
First Department, March 15, 1948.

*S. S. Goldsmith* for appellant.

*A. Aaron Raphael* for respondent.

DORE, J.   In an action for an injunction restraining defendant from interfering with plaintiff's use of dental offices and equipment, defendant appeals from judgment of $15,152.15 in plaintiff's favor after trial at Special Term.

In October, 1943, defendant, a dentist with a lease of very desirable and fully equipped dental offices at 100 Central Park South, and an apparently excellent clientele, was about to enter the service in the Coast Guard during the war.   He made an arrangement with plaintiff, also a dentist, permitting plaintiff to use defendant's dental offices and equipment to take over defendant's practice in his absence, and after paying certain expenses the parties were to divide the balance in agreed percentages.   It was agreed that on defendant's return from war service plaintiff would give back to defendant his records and his patients if they desired to return to him and the parties would share the premises between them equally for the duration of defendant's lease.   Defendant returned August 1, 1945; his lease terminated, September 30, 1945, and was not renewed for some period of time during which defendant continued as a tenant from month to month.

On defendant's return, numerous disagreements and controversies arose between the parties.   On four separate occasions plaintiff summoned police patrol cars to defendant's office. He cause defendant to be arrested, searched, transported in a police van, booked and fingerprinted.   On nine different other occasions plaintiff summoned defendant to Magistrate's Courts

on numerous charges but concededly no conviction was obtained. On several occasions plaintiff went to the District Attorney's office and made charges against defendant; but no action was taken. Plaintiff also continued to treat many of defendant's former patients after defendant resumed his practice and failed promptly to return defendant's records. Plaintiff's testimony with regard to return of the records was inconsistent. He first claimed that he returned all the records immediately. Plaintiff later testified that the records were returned on October 6th, two months after defendant's return. As late as October 30th, plaintiff's counsel, in one of the Magistrate's Court proceedings, admitted that he still had some of defendant's records and would return them. No sufficient explanation was offered why plaintiff should take three months to return records that were vital to defendant on his resuming practice.

As a result of the numerous altercations and the criminal proceedings that plaintiff had instituted and his other actions, defendant on April 20, 1946, sent plaintiff's equipment to plaintiff's home, his other dental office in the Bronx. Plaintiff returned it the same day to defendant's office but from time to time since has taken away various parts thereof. Concededly, from April 20, 1946, plaintiff was excluded from the office.

An injunction *pendente lite* in plaintiff's favor was unanimously reversed by this court (*Knower* v. *Atkins,* 270 App. Div. 998).

The trial court held that the parties were obviously obnoxious to each other and in view of what had happened between them, the last thing that should be imposed upon them was a decree that they should attempt to practice their profession in the same office; that plaintiff had what might be classified as an incorporeal hereditament or right that could not be recovered in ejectment and for that reason alone equity had jurisdiction. On the basis of plaintiff's testimony as to his gross earnings of $18,133 in 1944, $18,270.50 in 1945 and $5,433.16 in 1946 the court fixed plaintiff's damages at $15,000 and directed judgment accordingly.

After careful scrutiny of the record we reach the conclusion that the judgment is erroneous and should be reversed. Plaintiff sues in equity to enjoin defendant from interfering with his use and occupancy of the office. At trial plaintiff's counsel insisted that the whole object of the action was " to get him back into possession ". Plaintiff failed to make out any cause in equity and his complaint should have been dismissed.

The law is well settled, as the learned trial court recognized, that equity will not take possession of property from one party

and give it to another by mandatory injunction (*Rockefeller Purchasing Corp.* v. *Rockefeller Center, Inc.*, 245 App. Div. 629, affd. 270 N. Y. 447). In that case this court said (p. 631): " We have been unable to find a reported case in this or any other jurisdiction where equity took the possession of real estate from one party and gave it to another by mandatory injunction."

The Court of Appeals in affirming said (p. 448, 449):

" We agree with the Appellate Division that this complaint states no cause of action. * * *

" The precedents are quite uniformly against such an eject-ment in equity."

Plaintiff had a complete remedy at law and his resort to a court of equity was unnecessary and unjustified. The cases cited by the learned court in its opinion refer to persons in actual possession of premises. Plaintiff was out of possession. And, if, as he claimed, he had been improperly ousted, he could have made application by summary proceedings to recover possession as a " person forcibly put out or kept out " (Civ. Prac. Act, art. 83, § 1414, subd. 3). In *Koenig* v. *Eagle Waist Co., Inc.*, (176 App. Div. 726) this court after stating that equity will not take real estate from one party and give it to another by mandatory injunction, held that if a tenant is denied pos-session he has an adequate remedy at law in ejectment or by summary proceeding or by an action for damages, in which he can recover all damages that naturally flow from the refusal of the landlord to give possession. In that case too, the tenant had sued for a mandatory injunction. Under section 990 of the Civil Practice Act plaintiff in a proper case may recover damages in an action to recover real property or the possession thereof and the damages may include the value of the use and occupancy of the property.

It is also clear that the damages allowed were not properly established. The damages were based on plaintiff's testimony as to his gross income. In 1944, over $5,000 of that gross was derived from defendant's patients. While we consider there is no evidence to justify the allowance of damages made, it is unnecessary for the reasons stated further to discuss that issue.

The judgment appealed from should be reversed, with costs and the complaint dismissed, with costs.

Cohn, J. (dissenting). The judgment for plaintiff was proper. In a well-considered opinion the trial court set forth findings of fact all of which were fully warranted by the evidence.

Plaintiff has a mere right to occupy and to use office space in conjunction with like occupancy and use by defendant. This right is an incorporeal one which might not be enforced by means of an ejectment action. The only remedy is in equity. (*Brooks* v. *Wheeler*, 243 N. Y. 28, 31.) The gravaman of plaintiff's action as reflected in his pleadings and in his testimony was to restrain defendant from committing and continuing to commit trespasses and interference with plaintiff's possession of the premises. Such continuing trespasses equity may enjoin and in an action for that purpose the court can and should grant all the relief that the nature of the action and the facts demand. (*Coatsworth* v. *Lehigh Valley Ry. Co.*, 156 N. Y. 451, 457; *Sadlier* v. *City of New York*, 185 N. Y. 408, 413.) In resorting to the public authorities for assistance to secure protection against defendant's misconduct, plaintiff committed no wrong. The trial court did not find plaintiff's conduct inequitable but on the contrary correctly decided that defendant's claims of plaintiff's misconduct and breach of the agreement, were not sustained by the evidence.

The court properly concluded that although plaintiff had correctly brought his action in equity for an injunction, the difficulties between the parties rendered it inexpedient to impose upon them a decree that they practice their profession in the same office. The court therefore adapted its relief to the exigencies of the situation. It decided that justice would be best served by withholding an injunction and by awarding plaintiff the damages sustained by reason of defendant's wrong. (*Sadlier* v. *City of New York*, *supra*, p. 415; *Baily* v. *Hornthal*, 154 N. Y. 648, 660; *Murtha* v. *Curley*, 90 N. Y. 372, 378.) However, the fixation of the substantial sum of $15,000 is without reasonable basis in the evidence. At the trial plaintiff attempted to amend his pleadings to allege what he termed special damages, but, upon objection, proof as to the items of damage to equipment and supplies and for loss of earnings was excluded. Proof as to damages reasonably attributable to defendant's wrong should have been received.

The cases of *Rockefeller Purchasing Corp.* v. *Rockefeller Center, Inc.* (245 App. Div. 629, affd. 270 N. Y. 447) and *Koenig* v. *Eagle Waist Co., Inc.*, (176 App. Div. 726) upon which defendant relies are not in point. In each of these plaintiff had leased premises from a landlord but the latter had refused to give possession. Here plaintiff had been in possession for almost three years up to April 20, 1946. After that date and up to the time of the trial, as the court found, he was still in posses-

sion, at least to the extent that in the leased premises he had his furniture, telephones, study models, dental instruments and other property.

The judgment should be modified by directing a new trial at Special Term solely for the purpose of assessing damages, and otherwise affirmed. (Civ. Prac. Act, § 584; *United Paperboard Co.* v. *Iroquois Pulp & Paper Co.,* 217 App. Div. 253, affd. 249 N. Y. 588; *Lamport* v. *Smedley,* 213 N. Y. 82, 85; *Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495, 501; *Kaplan* v. *Krauss,* 151 Misc. 123, 125.)

CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur with DORE, J.; COHN, J., dissents in opinion.

Judgment reversed, with costs to the appellant and the complaint dismissed, with costs. Settle order on notice.