SELMAR GARAGE CORP., Appellant, v. RINK REALTY CORPORATION, Respondent, et al., Defendants.— Action for specific performance of an agreement to give plaintiff an option to a lease of a public garage or for damages. Plaintiff appeals from a resettled judgment awarding it six cents damages. Judgment, insofar as appealed from, reversed on the law and the facts and new trial granted, with costs to abide the event. The Trial Justice received evidence as to an alleged contract for the purchase of the lease or of the lease and the business. In arriving at his decision he stated that the contract could not be considered as evidence of the value of the lease. After the evidence had been received the Trial Justice was obliged to determine what were the terms of the contract and the circumstances attending it, and what weight, if any, it had to establish the rental value of the garage. (*Ewald* v. *Poates,* 107 App. Div. 242.) The weight to be given to opinion evidence as to rental value was for the trier of the facts. Full opportunity was given to appellant to establish the rent of comparable premises. However, the Trial Justice assumed that the premises were valued at $250,000. No evidence warranted a finding of that value. Moreover, the rent permissible under the emergency rent laws does not, as stated by the Trial Justice, necessarily determine the rental value. (Cf. *207–17 W. 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.,* 277 App. Div. 93, 96.) Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur; Beldock, J., not voting. [See *post,* p. 839.]

■

## THIRD DEPARTMENT, JULY, 1953.

### (July 2, 1953.)

■

MEYER SCHNER, Plaintiff, v. ALEX JOLOFSKY, Defendant.— Application for a stay denied, without costs, upon the ground that nothing before us shows any merit. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE P. WEIL, Appellant.— Motion to vacate the default of the defendant on a previous motion to dismiss the appeal, and to reinstate the appeal and to extend the time within which to serve and file record and brief on appeal granted. The appeal is to be argued at the September, 1953, Term of this court. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [203 Misc. 68.]

■

In the Matter of the Claim of ANTHONY CAGGIANO, Respondent, against LORENZO CELLA et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 281 App. Div. 1050.]