Rubenstein v Mayor (2018 NY Slip Op 03865)





Rubenstein v Mayor


2018 NY Slip Op 03865


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-04157
 (Index No. 9721/02)

[*1]Denise Rubenstein, et al., respondents, 
v
Christopher Mayor, et al., defendants, Jeffrey W. Reiss, etc., et al., appellants.


Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and Michael Planell of counsel), for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Mark S. Mulholland of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Jeffrey W. Reiss, as trustee of Bayshore Property Trust, and Bayshore Property, LLC, appeal from a judgment of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), entered April 6, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated March 20, 2012, as amended April 30, 2012, made after a nonjury trial on the issue of liability, and upon a decision of the same court dated January 13, 2015, made after a nonjury trial on the issue of damages, is in favor of the plaintiffs and against those defendants in the principal sums of $250,000 for compensatory damages and $150,000 for punitive damages.
ORDERED that the judgment is reversed insofar as appealed from, on the facts, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages consistent herewith.
The plaintiff Denise Rubenstein and the defendant Christopher Mayor agreed to form the plaintiff Bayshore Sunrise Corp. (hereinafter BSC) for the purpose of renting certain premises and operating a laundromat therein. On April 15, 1999, BSC, as tenant, entered into a commercial lease with Bayshore Property Trust, as landlord. In March 2002, the lease was terminated pursuant to an Amendment to Terminate Lease, signed by Mayor, as president of BSC, and the defendant Jeffrey W. Reiss, as a member of the defendant Bayshore Property, LLC, the successor-in-interest to Bayshore Property Trust.
Shortly thereafter, Rubenstein and BSC commenced this action, asserting, inter alia, causes of action to recover damages for tortious interference with contractual relations against Mayor and his brother-in-law, the defendant Thomas Castellano. The complaint also sought to recover damages for breach of the lease against Reiss, as trustee of Bayshore Property Trust, and Bayshore Property, LLC (hereinafter together the appellants), based upon the defendants' various alleged roles in bringing about the termination of BSC's lease. The amended complaint alleged that Mayor and Castellano conspired "to squeeze [Rubenstein] out of her ownership interest in BSC and were attempting, without the knowledge of [Rubenstein], to default BSC under the terms of its lease," so [*2]that Mayor and Castellano could form and operate their own business, the defendant Planet Laundry, Inc., at the subject premises. The amended complaint further alleged that the appellants conspired with Mayor and Castellano to improperly terminate BSC's lease.
After a nonjury trial on the issue of liability on the cause of action alleging breach of the lease against the appellants only, the Supreme Court found the appellants liable to the plaintiffs for wrongfully terminating the lease. Thereafter, a nonjury trial was held on the issue of damages, at which each party presented an expert real estate appraiser. The court found that the plaintiffs had been damaged in the sum of $250,000 and, in addition, that the plaintiffs were entitled to punitive damages in the sum of $150,000. Thereafter, a judgment in favor of the plaintiffs and against the appellants was entered in the principal sum of $400,000.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Donninger Const., Inc. v C.W. Brown, Inc., 113 AD3d 724, 725). The proper measure of damages for a lessor's failure to put the lessee into possession under a lease of real property is the excess, if any, of the actual rental value over the rent reserved in the lease (see Smilo v Cooper-Smith, 302 NY 789, 791; Dodds v Hakes, 114 NY 260; Rockefeller Purch. Corp. v Rockefeller Ctr., 245 App Div 629, 632, affd 270 NY 447; Koenig v Eagle Waist Co., 176 App Div 726, 729; Lieberman v Graf Realty Holding Co., Inc., 174 App Div 774, 776). On that issue, the plaintiffs and the appellants each presented an expert witness who opined as to the annual rental value of the premises for the lease term. The Supreme Court credited the plaintiffs' expert's testimony that the plaintiffs suffered some damages as a result of the appellants' breach of the lease, and that conclusion was warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499). However, the court rejected both parties' expert opinions as to the value of the lease, principally because each expert relied upon comparables obtained from their own firm's inventories and because their methods of contrasting the comparable leases were "unverifiable." Nevertheless, the court concluded that the loss of the lease was valued at $250,000, the price that Rubenstein stated she was willing to accept as a buy-out of her 50% share in BSC when she testified during the liability phase of trial. However, no other evidence was introduced at the trial warranting a finding of that value. Accordingly, we find that the court's determination that the plaintiffs sustained $250,000 in compensatory damages was not warranted by the facts.
Moreover, the Supreme Court should not have awarded the plaintiffs punitive damages. The plaintiffs did not plead a claim for punitive damages, and the failure to give proper notice to the appellants of a claim for punitive damages constituted prejudice (see Gravitt v Newman, 114 AD2d 1000, 1002). The plaintiffs' claim for punitive damages was first made informally in an affidavit submitted by Rubenstein in opposition to a prior motion made by Reiss. As such, the plaintiffs failed to provide adequate notice to the appellants of the plaintiffs' intent to seek punitive damages (see Frank v Krauss, 69 AD2d 1017, 1017). In any event, the evidence adduced at the trial on the issue of damages did not establish grounds to award punitive damages (see Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234-1235; Neuman v Greenblatt, 260 AD2d 616).
The appellants' remaining contentions are without merit.
Accordingly, we reverse the judgment insofar as appealed from and, under the circumstances of this case, we remit the matter to the Supreme Court, Suffolk County, for a new trial on the issue of compensatory damages only (see Gilroy v American Broadcasting Co., Inc., 47 AD2d 728, 728, affd 46 NY2d 580; Luciano v Oliver, 15 AD2d 982; Selmar Garage Corp. v Rink Realty Corp., 282 App Div 780).
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court