HARRY WEINSTEIN, Respondent, *v.* J. HAMBURGER & CO., INC., Appellant, Impleaded with GILLETTE & LIVESEY, INC., Defendant.

First Department, May 28, 1920.

**Landlord and tenant — suit to compel specific performance of agreement giving option on lease of building — injunction pendente lite against interference by defendant with tenants.**

In a suit to compel the defendant to specifically perform its agreement giving the plaintiff an option on a lease which the defendant held on a certain building and to assign the remainder of its term in said lease to the plaintiff under said agreement, the facts examined, and *held*, to be sufficient to warrant the issuance of an injunction *pendente lite* restraining the defendant from prosecuting summary proceedings or proceedings to collect rent from the tenants.

APPEAL by the defendant, J. Hamburger & Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of March, 1920, granting plaintiff's motion for an injunction *pendente lite*.

*Herman M. Schaap* of counsel [*Lewis & Schaap*, attorneys], for the appellant.

*Leopold Blumberg* of counsel [*L. & M. Blumberg*, attorneys], for the respondent.

DOWLING, J.:

This action is brought to obtain a judgment that the defendant J. Hamburger & Co., Inc., be directed to specifically perform its agreement and to assign the rest, residue and remainder of its term of lease and its interest in the building 291 Washington street, borough of Manhattan, city of New York; and that during the pendency of the action it be restrained from interfering with, or molesting, the possession of the plaintiff. Plaintiff claims that on January 7, 1919, defendant J. Hamburger & Co., Inc., entered into an agreement in writing with the predecessor of the defendant Gillette & Livesey, Inc., whereby the former leased to the latter the building 291 Washington street, borough of Manhattan, with

the exception of the basement; that as part of the consideration of said letting it was agreed that at the expiration of one year from the date of the lease the lessee should have the option of taking over the lease of the building made by the owner Fannie R. G. Ely to J. Hamburger & Co., Inc., upon the payment of $500; that on December 31, 1919, Gillette & Livesey, Inc., elected to exercise its option and so notified J. Hamburger & Co., Inc., and requested that an appointment be made when the transaction could be closed; that pursuant to an appointment made the parties met at the office of the attorney for J. Hamburger & Co., Inc. Gillette & Livesey, Inc., requested an assignment of the lease and offered to pay $500 therefor, but J. Hamburger & Co., Inc., refused to make such assignment; that Gillette & Livesey, Inc., sent its check for $500 as payment for said assignment to J. Hamburger & Co., Inc., which still retains the same; that thereafter Gillette & Livesey, Inc., in consideration of certain payments, sold, assigned, transferred and set over unto plaintiff all its rights, title and privilege in the property and in the option on the lease; and that J. Hamburger & Co., Inc., has threatened and is threatening proceedings against the tenants in said building and threatened to oust them by reason of its prior relationship of landlord and tenant and has refused to grant an assignment pursuant to its agreement.

Affidavits are submitted showing that J. Hamburger & Co., Inc., has commenced summary proceedings to remove the tenants from said building based upon non-payment of the rent for the month of February. These proceedings were originally brought by mistake in the name of Bessie Hamburger, but they were discontinued and a new one was commenced in the Municipal Court, Borough of Manhattan, First District. It is to restrain the prosecution of this proceeding, or any other action or proceeding, against the tenants in said building, either to collect rents or to dispossess because of the non-payment of rents, that this order is made, which enjoins any such action or proceeding pending the determination of the pending action for specific performance.

Without determining whether the proof offered tends to satisfactorily establish an exercise of the option of purchase of the lease within the time limited therefor, we are of the

opinion that sufficient facts were shown to justify the court in maintaining the present status of the parties until this action can be tried and the rights of the litigants settled after presentation of all the facts.

The order should be modified, however, by requiring the plaintiff, as a condition for the granting of the order, to furnish an undertaking in the sum of $500, pursuant to the provisions of sections 616 and 2265 of the Code of Civil Procedure. As so modified the order will be affirmed, without costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, without costs. Settle order on notice.