PHILIP SCHWARTZ et al., Doing Business under the Name of PHILMORE MANUFACTURING CO., Plaintiffs, *v.* CHURCH & COMMERCE CORP., Defendant.*

Supreme Court, Special Term, New York County, February 23, 1945.

*Max Seltzer* and *William R. Altman* for plaintiffs.

*Nathan J. Gottlieb* for defendant.

---

* See *Twentieth Century Associates* v. *Waldman*, 184 Misc. 24, and footnote thereto.— [REP.

SHIENTAG, J. Plaintiffs move for an order directing the defendant specifically to perform a lease covering the fourth loft (above the store floor) of commercial premises, entered into by the plaintiffs with the then owner of the building, and directing the defendant to give possession of that loft to the plaintiffs. What the plaintiffs are really seeking is a mandatory injunction *pendente lite* directing the defendant forthwith to deliver to the plaintiffs full and complete possession of the loft mentioned.

On October 24, 1944, the defendant's predecessor in title, as landlord, entered into a lease with plaintiffs, covering the " entire fourth and tenth lofts above the store floor in the building known as 113 to 115 University Place, New York City, for a term of three years, to commence February 1, 1945 at an annual rental of $7442." The lease provided " that if either the seventh or eighth lofts became vacant on February 1, 1945 then and in that event the tenant is to have the privilege of renting either the seventh or eighth loft in place of the fourth loft."

On or about December 11, 1944, defendant acquired title to the building in question. Concededly, the defendant took title with knowledge of the existence of this lease and subject to its terms. Thereafter, by letter dated December 12, 1944, plaintiffs notified defendant that they elected to take the eighth loft in place of the fourth loft in the event that the eighth loft be vacant on February 1, 1945. On December 15, 1944, plaintiffs notified the defendant that " due to the fact that the tenant on the eighth floor appears to be undecided about the possibility of vacating that loft, we wish now to inform you that we prefer under these circumstances to elect to take the fourth floor in this building in place of the eighth floor."

On January 24, 1945, the New York Commercial Rent Law went into effect (L. 1945, ch. 3). The rent reserved by the lease in controversy, the defendant asserts, is far in excess of the maximum rent which can be collected for the premises covered by the lease under the provisions of the new emergency statute. On January 29, 1945, the plaintiffs notified the defendant that the fourth floor now being vacant they insisted upon possession which was refused. On February 1, 1945, the defendant delivered possession of the fourth loft to one Peter Tames, doing business under the firm name and style of Melrose Hospital Uniform Co.

It is conceded that Peter Tames holds all of the stock of the defendant owner corporation and that he is also the sole owner

of the business of the Melrose Hospital Uniform Co. He sets forth that the building was acquired by him through the defendant corporation at a very substantial cost and with the specific object of obtaining commercial space for his immediate and personal use in the conduct of his business; that he is presently using that space in connection with the manufacture and sale of hospital garments, such as operating gowns, operating suits, patients' gowns, etc.; that ever since our country entered the present World War, about 95% of his production has been used in the armed forces; that up to the present time he has been unable to obtain possession of considerable space in the building due to the holding over beyond their term of other tenants in the building.

Plaintiffs are engaged in the manufacture of radio parts. They have occupied the tenth loft in the building for upwards of fifteen years and they sought additional space in order to meet the increasing requirements of their business.

If this were an action for damages for breach of contract to lease or for failure to give possession under a lease, it seems clear that there would be no good defense to the action on the basis of the papers now before me. The contention of the defendant that the enactment of the emergency statute rendered the lease unenforcible is without merit. Nor is there validity to the point he makes that the contract was entered into because of a mutual mistake of law; that if it had been anticipated that a statute would be enacted freezing rents for commercial purposes as of March 1, 1943, the lease in question would never have been made. A defense or a counterclaim for rescission based on those grounds would be insufficient as matter of law. That the rental reserved in the lease is far in excess of the maximum rent which may be collected for the demised premises under the provisions of the Commercial Rent Law is no ground for avoiding the lease or rescinding it.

A court of equity has the power to grant preliminary mandatory relief even though that is also the relief finally sought in the action. That power, however, is exercised only in the most unusual and extraordinary situations. Courts do not grant specific performance of an agreement to lease as a matter of course, as they do in the case of agreements to buy or sell land. Generally, in the absence of special circumstances, equity has insisted on a showing of the inadequacy of the remedy at law. Moreover, the general rule, as familiarly stated in its application to a lease, is that " equity does not take the possession of real estate from one party and give it to another by mandatory

injunction " (*Koenig* v. *Eagle Waist Co.; Inc.*, 176 App. Div. 726, 728). " The precedents are quite uniformly against such an ejectment in equity " (*Rockefeller Pur. Corp.* v. *Rockefeller Center*, 270 N.Y. 447, 449, and cases cited).

I am not persuaded by the moving papers that this is a case where a court of equity should grant, by order *pendente lite*, the extraordinary relief sought. There should, in the interest of both parties, be an early trial to determine whether or not the plaintiff has an adequate remedy at law. The enactment of the Commercial Rent statute suggests the necessity for intervention by equity, but it is not conclusive on that point. The motion is, accordingly, denied and the case set for trial on the calender of Special Term, Part III, for the 2nd day of March, 1945, upon payment of the appropriate fees.

Settle order on short notice.