Matthew M. Levy, J.
The papers before me are in conflict in some respects, but for present purposes I have come to the following factual conclusions: Pete and Cipiate are pedigreed and registered French poodles. Plaintiff is the owner of Pete. Defendant is the owner of Cipiate. Plaintiff and defendant agreed to mate their poodles, and that plaintiff would receive one dog, a female, from the likely litter. The animals Avere duly mated and a litter of three puppies Avas born, one of which was a male, the others females. The male died. Plaintiff demanded a female pup from defendant in pursuance of their agreement but defendant refused to make delivery.
In this suit for specific performance plaintiff moves for an injunction pendente lite to restrain defendant “from selling, transferring, conveying, delivering, or giving away by gift or otherwise, destroying or in any other manner disposing of any and all of the issue of Cipiate ”. By order to show cause, defendant was stayed from doing any of those acts pending the hearing of the motion, and on the argument the stay was continued pending determination.
Where there is a threat or likelihood of a breach of contract, that uniqueness of its subject matter which would justify protection by way of the injunctive process in an action for specific performance of the agreement is not limited to rare inanimate objects (Goddard v. Gladstone, 4 Misc 2d 227; Palmer v. De Witt, 47 N. Y. 532; Celanese Corp. v. American Aniline Products, 65 N. Y. S. 2d 374, affd. 271 App. Div. 771, motion for leave to appeal denied 271 App. Div. 784) or to distinguished humans (Lumley v. Gye, 2 El. & Bl. 216; Rogers Theatrical Enterprises v. Comstock, 225 App. Div. 34; Adrian v. Unterman, 281 App. Div. 81, motion to dismiss appeal denied 306 N. Y. 668, affd. 306 N. Y. 771). The equitable principle involved is or should also be applicable to four-legged animals of unusual quality such as the progeny resulting from the mating of pedigreed canines.
On the issue of uniqueness, plaintiff’s allegation is that the consideration to her was to be a female of this litter. There is no other available outside of this litter. That is the thing *970 bargained for, and plaintiff should have her very special prize if the agreement is proved. Despite defendant’s allegation of nonintention to dispose, plaintiff should have a temporary injunction. The motion is granted, but only to the extent of one of the poodles involved. Settle order.