Jacob J. Schwartzwald, J.
Plaintiff seeks an order requiring defendant to carry oat the terms of an agreement, appointing a receiver and enjoining defendant from transferring or otherwise disposing of the merchandise in defendant’s store.
The action is brought for specific performance of a written contract to sell a business and to execute a lease covering the store premises.
Plaintiff alleges that he has operated stores, similar to the one herein involved, in the Borough of Brooklyn for more than 20 years under the name of Triangle Stores and that these stores, having a combined total annual sales in excess.of a.half million dollars, are highly regarded in this community, and have acquired a valuable good will.
Plaintiff and defendant signed an. agreement on July 24, 1958 whereby plaintiff contracted to purchase and defendant to sell the army and navy store business which defendant conducted at 2464-66 Flatbush Avenue, Brooklyn, N. Y., and where men’s haberdashery, sporting goods and other articles of personal property are the customary stock in trade. Defendant, being also the owner of the building where the store premises are located, agreed thereby to enter into a lease of the store premises with the plaintiff as tenant, á copy of which lease was attached to the contract. The lease was for a five-year • term with an option to renew for two additional five-year periods. The contract provided for the sale of the stock in trade, with certain limitations as to the amount in dollar value, and the fixtures.
As the stipulated purchase price, pursuant to the terms of the contract, plaintiff agreed to purchase from the defendant “ no more than ” $35,000 of defendant’s stock in trade valued at the cost to defendant, ‘ ‘ which price includes the value of the fixtures, fixed at $9,000.” Merchandise in excess of the stated *1001 amount would be removed by the defendant. Among other things the contract also provided that defendant would refrain from competing within a radius of 21/> miles for a period of 2% years.
Simultaneously with the execution of the contract plaintiff delivered a check in the sum of $4,000 to the defendant as part payment of the purchase price. This check was never cashed and is apparently in defendant’s possession.
About a month after the signing of the contract the agreement was modified by a writing signed by the plaintiff wherein the total amount of rejectable, unsalable and obsolete items was reduced from $3,000 to $1,500.
Subsequently, prior to the contract date of closing scheduled for September 2, 1958, defendant made various accusations against plaintiff. Defendant charged that prior to the signing of the contract certain changes therein had fraudulently been made with the intent to deceive the defendant. Particularly, the claim was made that the plaintiff’s attorney represented the defendant as attorney at the contract closing. As a result of such representation, the defendant states that the contract “ was twisted and distorted * * * so as to change the purchase price by deducting the price of the fixtures, to wit, $9,000, from the amount to be paid so as to reduce the purchase price in said amount.” It is also alleged that the attorney did not reduce to writing a further provision that defendant would receive an additional sum of $5,000 as part of the purchase price. For the foregoing reasons the defendant has refused to complete the transaction. All of the defendant’s allegations are flatly denied by the plaintiff.
The charges and counter charges being made by the parties herein have their origin in an unsigned contract which was originally prepared one year earlier by the defendant’s attorney. Negotiations between the parties had been resumed thereafter at intervals. That the unexecuted contract was drastically altered at the contract closing is evident from an examination of photostatic copies submitted by the defendant. Whether the executed contract reflects the true intention of the parties is a question of fact determinable only after a trial.
Plaintiff bases his application for relief herein on the ground that the valuable property right which he has in the contract is threatened with irreparable damage by defendant’s failure to conclude the transaction at this time and without delay. The plaintiff also alleges that the greatest volume of sales, approximating 50% to 60% of the yearly volume of business in such a store, occurs during the Fall and Christmas seasons.
*1002 By the instant action plaintiff seeks to obtain what he contracted for in specie, to wit, a store in a particular neighborhood engaged in a business similar to other stores presently being conducted by the plaintiff, in other parts of the Borough of Brooklyn, the good will pertaining thereto, a restrictive covenant clause barring competition from the defendant for a period of time and a five-year lease covering the premises with an option to renew same for two additional five-year periods; “ which to him has some special value, and which he cannot readily obtain in the market” (Butler v. Wright, 186 N. Y. 259, 262). As regards the interest in realty, it is a general rule that the court has jurisdiction “to enforce specific performance of an executory contract to lease premises.” (Shea v. Keeney, 155 App. Div. 628, 630.)
It is the court’s opinion that such an action will lie herein for specific performance of the terms of the agreement. (Prilik v. Goodman, 111 N. Y. S. 2d 916; Reo Stores v. Kent Stores, 118 N. Y. S. 2d 281.)
The court must deny plaintiff’s application for an order directing the defendant summarily and without a trial to comply with the terms of the contract, as the granting of such relief is determinable only after a trial of the issues and not summarily upon affidavits as requested by the plaintiff. ‘ ‘ Moreover, the general rule, as familiarly stated in its application to a lease, is that ‘ equity does not take the possession of real estate from one party and give it to another by mandatory injunction ’ (Koenig v. Eagle Waist Co., Inc., 176 App. Div. 726, 728). ‘ The precedents are quite uniformly against such an ejectment in equity ’ (Rockefeller Pur. Cory. v. Rockefeller Center, 270 N. Y. 447, 449, and cases cited).” (Schwartz v. Church & Commerce Corp., 184 Misc. 200, 202-203.)
Plaintiff’s second prayer for relief, that a receiver be appointed, is also denied. It is apparent that the merchandise in defendant’s store has a cost value of approximately $50,000. Plaintiff is only obligated to purchase not more than $35,000 in merchandise.
Further, it is the court’s view that “despite defendant’s allegation of nonintention to dispose, plaintiff should have a temporary injunction ’ ’ (Dinken v. Weininger, 5 Misc 2d 968, 970). The court finds “that sufficient facts were shown to justify the court in maintaining the present status of the parties until this action can be tried and the rights of the litigants settled after presentation of all the facts.” (Weinstein v. Hamburger & Co., 192 App. Div. 151, 153.)
*1003 The defendant is therefore enjoined pendente lite from transferring or otherwise alienating or encumbrancing the real property and the store, and from selling the merchandise in bulk, but without hindrance to defendant’s right to continue to sell his stock in trade and merchandise at retail in the customary and usual manner of doing business as heretofore, upon condition that the plaintiff serve and file a note of issue for the trial of this action at Special Term, Part 3 of this court on the 17th day of November, 1958, subject to the approval of the Justice presiding therein.
Settle order as indicated herein on notice.